# JACOB HEAGLE *et al.*

## *v.*

# ADAM WHEELAND.

1. SUIT BY A TOWN, *for its benefit—jurisdiction of justice residing in the town.* Where a suit is brought by a town before a justice of the peace within the town, contrary to the provisions of section 6 of Article 12 of the township organization law, prohibiting the town, where the suit is brought for its benefit, from suing before a justice residing within the same, the purchaser of property of the defendant, sold by virtue of an execution issued on a judgment rendered in such suit, acquires no title by his purchase, the whole proceeding before the justice being void for want of jurisdiction of the subject matter.

2. REPLEVIN—*whether the action will lie.* Where property is seized and sold for a fine, the party against whom the fine was recovered, and whose property was sold in satisfaction thereof, may contest the purchaser's title to the property, in an action of replevin.

APPEAL from the Circuit Court of Stephenson county ; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. U. D. MEACHAM, for the appellants.

Mr. J. M. BAILEY and Mr. J. I. NEFF, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of replevin, brought by appellee in the Stephenson circuit court, against appellants, to recover the animal in controversy. The declaration is in the usual form, and to it were pleaded *non cepit, non detinet* and property in defendants. It appeared from the evidence that appellee had been for several years the owner of the property in suit; that on the 26th of August, 1871, a citizen of the town brought the animal to the pound, having taken him up whilst running at large in violation of the by-laws of the town prohibiting stock from being at large. It also appears that the pound-master afterwards, on giving notice, offered the animal for sale, when appellants became the purchasers.

They also offered to prove that a proceeding had been commenced before a justice of the peace of the same township, by which notices to the unknown owner had been posted, to appear and defend; that a judgment had been rendered in favor of the town for $1, the amount of penalty imposed by the by-laws of the town, and for costs of the proceeding, and an order that the property be sold to satisfy the same; also, an execution, or order, from the justice of the peace, directed to the pound-master, ordering the sale, on the back of which was his return that he had sold the property as therein directed. The court rejected this evidence, upon the ground that the justice of the peace had no jurisdiction of the subject matter of the suit, and the whole proceeding was void, and appellants excepted.

By reference to section 6, Article 12, of the township organization law, it will be seen that any town may sue before a justice of the peace in the same cases in which individuals may, but where the suit is brought for the benefit of the town, it is expressly prohibited from suing before a justice of the peace residing in the town bringing the suit; but such action is authorized to be brought in any other town of the county. In this case, the suit was in the name of The Town of Silver Creek, and the penalty, when recovered, was for the benefit of the town, and the suit was before a justice of the peace residing therein. This brings the case clearly within the prohibition of this section of the statute.

Then, the town being prohibited from bringing the suit before this justice of the peace, and he being expressly prohibited from entertaining jurisdiction or trying the case, what was the effect of the judgment? If a justice of the peace were to try an action for slander or entertain a bill in equity, and render judgment in the former or a decree in the latter, would anyone contend that such proceedings would bind anyone in a court or elsewhere? Or if executions were issued in such case, and property were sold, would anyone say the purchaser acquired any title thereto? We presume not; and for

the obvious reason that such proceedings would be *coram non judice,* and utterly void, for the want of jurisdiction in the justice rendering the judgment or decree; and in such a case, the want of jurisdiction grows out of the limited power of the justice to act, and because such power has not been conferred upon him; but in this case, so far from the power having been conferred, it is expressly prohibited.   And we fail to see how a case of this kind can be distinguished from the cases supposed.   To hold that a sale under an execution in a judgment in a case in which the justice of the peace has no jurisdiction of the subject matter, transfers the title of the defendant to the purchaser, would be to obliterate all distinctions between authorized and prohibited acts of officers.   It would be to place legal and illegal proceedings on the same footing.   We have no hesitation in holding that the judgment, execution, and sale of this property were utterly void, and the purchaser failed to acquire thereby even the shadow of a legal title.

It is, however, urged, with much apparent earnestness, that this property had been seized and sold for a fine, and hence the action of replevin will not lie for its recovery, even if appellee is the owner.   There is no claim that the property was held by an officer by virtue of having been taken for a fine levied by any law of this State, at the time this suit was brought.   But it is admitted that it was, and had been for some time before, in the hands of the purchasers.   It would not be a fair or reasonable interpretation of the third section of the law regulating the action of replevin to hold that the mere seizure of property for a tax, assessment or fine levied by virtue of a law of the State against an individual, for all future time, and as to all persons, is conclusive of title in the person against whom the levy is made.   If a tax or assessment is made against one person, and the property of another is taken and sold by the collector in satisfaction of such levy, would anyone insist that the owner might not maintain replevin to regain his property from the purchaser?   If he could not, then all men hold their property by a slender tenure.

The fair and reasonable construction of that section is that the action of replevin shall not be maintained to take the property from the hands of an officer where it has been seized to satisfy a tax, assessment or fine levied under any law of the State, or where it has been seized under an execution or attachment against the goods and chattels of the plaintiff liable to execution or attachment. When the State is proceeding to collect its revenues, whether as taxes, assessments or fines, and property has been seized to obtain satisfaction thereof, it is not intended that the person owing such tax, assessment or fine, may replevy the goods and delay the government in its collections, or even to try the question whether such burthen has been legally imposed. In such a case, the party must seek some other remedy. The act was not designed to estop other persons from asserting their title, before the sale, in any other appropriate remedy than by replevin, or even by that form of action after the sale is made.

We have treated this question as though it was a fine for which the property was seized and sold, although we think it was strictly a penalty, and not a fine.

This evidence was offered either as a justification or to prove title in appellants, and whether as the one or the other, appellee had the right to show that the proceedings before the justice of the peace were void, to defeat the defense. Being void, and conferring no title upon appellants as purchasers, the court below did not err in refusing to permit the evidence to go to the jury.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*