[No. 11202. Department One. — June 27, 1888.]

THE PEOPLE, RESPONDENT, v. WILLIAM H. OTTO ET AL. WILLIAM M. WAGGLE ET AL., APPELLANTS.

OFFICE — PRESUMPTION. — It is a presumption of law that a person acting as a public officer was regularly appointed; and also that official duty has been regularly performed.

ID. — UNDER-SHERIFF — PLEADING. — An averment that a certain person acted as under-sheriff, without allegation that he wrongfully acted as such, implies that he was under-sheriff de jure as well as de facto.

ID. — TAX COLLECTOR — OFFICIAL BOND — AUTHORITY OF UNDER-SHERIFF. — The under-sheriff is a general deputy or vice-sheriff, who possesses all the powers and may perform all the duties attached by law to the office of his principal; and has authority to collect taxes and receipt for the same, so as to bind the sheriff as ex officio tax collector, and the sureties on his official bond.

ID. — ACTION ON OFFICIAL BOND — PLEADING — CONCLUSION OF LAW — INSUFFICIENT DENIALS. — In an action against the sureties on the official bond of a sheriff as ex officio tax collector, an averment in the answer of the sureties, that the under-sheriff collected and receipted for the taxes without right or authority of law, is the statement of a mere conclusion of law. The admission that the under-sheriff received them is not contravened or qualified by a denial that the tax collector received them, or withheld the taxes collected by him from the treasury of the county; there being no averment that he paid over, or denial that he withheld, the money collected by the under-sheriff.

PLEADING — QUALIFICATION OF GENERAL DENIAL — ADMISSION OF ANSWER. — When a general denial to an unverified complaint is qualified by an exception of "such allegations as are hereinafter admitted, stated, or qualified," it will not control the effect of an affirmative allegation of the answer which in legal effect admits the cause of action.

OFFICIAL BOND — RELEASE OF SURETIES. — Official bonds in this state are joint and several, and the discharge of one or more sureties under the

statute without notice to the others, or without any notice, does not operate as a discharge of the others, though the bond is thereby reduced to a sum less than that required by law.

APPEAL from a judgment of the Superior Court of Del Norte County.

The facts are stated in the opinion of the court.

*R. W. Miller, R. G. Knox, William H. H. Hart,* and *Aylett R. Cotton,* for Appellants.

*L. F. Coburn,* and *L. F. Cooper,* for Respondent.

SEARLS, C. J.—This is an appeal by the defendants, William M. Waggle, J. L. Lake, and James K. Johnson, sureties on the bond of William H. Otto, sheriff and *ex officio* tax collector of the county of Del Norte, from a judgment against them for $1,769.31, on account of taxes collected by said Otto for the fiscal year ending July 1, 1885.

Judgment was rendered upon the pleadings as to the appellants, and upon the default of defendant Otto.

The complaint is not verified. The answer sets out by denying generally all the material allegations of the complaint, "except such allegations as are hereinafter admitted, stated, or qualified."

. It is admitted that Otto was tax collector, and that defendants executed jointly and severally with one Hamilton the bond in question.

A material part of the answer is in the following language:—

'"14. Defendants allege that they are informed and believe, and therefore aver the same to be true, that subsequent to the fifteenth day of November, 1884, and prior to the second day of January, 1885, one Robert Jenkins, acting as under-sheriff of said county, did collect a large amount of state and county taxes from divers persons, tax-payers in said county, for the fiscal year

ending July 1, 1885, to wit, the amount of $1,769.31, and receipted for the same by signing the name of William H. Otto, tax collector, 'by Robert Jenkins, under-sheriff,' without right or authority of law so to do."

As Robert Jenkins is averred to have acted as under-sheriff, and there being no allegation that he wrongfully acted as such, it may properly be inferred that he was *de jure* as well as *de facto* the under-sheriff of defendant Otto.

"That a person acting as a public officer was regularly appointed to it," is one of the presumptions of law established by the Code of Civil Procedure, section 1963, subdivision 14.

"That official duty has been regularly performed," is another presumption, established by subdivision 15 of the same section.

The question then is, Had Jenkins, as under-sheriff, authority to collect the taxes in question and receipt for the same in the name of Otto, the tax collector, so as to bind the latter and his bondsmen?

Sections 4176 to 4192 of the Political Code enumerates many of the duties of sheriffs.

Section 4173 provides that "the sheriff must perform such other duties as are required by law."

In Del Norte County the sheriff is *ex officio* tax collector, and all the duties of that office devolve upon him by law, and must be performed by him.

"Whenever the official name of any principal officer is used in any law conferring power, imposing duties or liabilities, it includes his deputies." (Pol. Code, sec. 4114.)

"In all cases not otherwise provided for, each deputy possesses the powers, and may perform the duties, attached by law to the office of his principal." (Pol. Code, sec. 865.)

All county officers, except judges, supervisors, and justices of the peace, may appoint deputies at pleasure,

and without limitation as to number. (Pol. Code, sec. 4112.)

The under-sheriff is a general *deputy*. He performs all the duties of a deputy, has like powers and authority, and his principal is bound by his acts in like manner as by those of other parties. In addition to this, the under-sheriff has certain powers in case of the absence or sickness of his principal not possessed by an ordinary deputy. He may be termed a vice-sheriff, who acts in certain contingencies in place of the sheriff, and who in addition performs the duties of a deputy.

Under such circumstances, and in view of the various provisions of the law, the tax collector is liable for his acts in collecting taxes, and he being liable, the sureties on his official bond as such tax collector are equally liable.

It is true, the clause of the answer set out *supra* avers that Jenkins collected and receipted for the taxes "without right or authority of law so to do"; but this is the statement of a mere conclusion of law.

His authority depended upon the fact of his being the under-sheriff, which is not denied.

We find nothing in the answer altering or modifying the effect of the admission under consideration. There is no denial of all the allegations of the complaint, but, as before stated, a denial of all the allegations "except such allegations as are hereinafter *admitted, stated, or qualified.*"

The statement that Jenkins acted as under-sheriff, and collected $1,769.31, is an admission which qualifies the general denials of the answer.

The answer further specifically denies that Otto, the tax collector, has collected and withheld from the treasury of the county the sum of $1,769.31, but does not aver that he paid over, or deny that he withheld, the money collected by Jenkins.

Again, in the thirteenth subdivision of the answer,

defendants aver that Otto, as tax collector, collected $20,711.85, and that he paid it over, etc., "and that he did not withhold from the said treasury of said county the sum of $1,769.31, taxes collected by him," etc., or any other sum or sums whatever, as wrongfully alleged in plaintiff's complaint.

There is nothing in these denials upon which perjury could be assigned, upon a showing that a sum of $1,769.31 was collected by Jenkins and never paid over by Otto. The only other denials are of conclusions of law which need not be noticed.

The further defense cannot be maintained. It is founded upon the statement that Hamilton, one of the sureties on the official bond, was, upon his own application, discharged therefrom as provided by statute; but without any notice to the other sureties, or any notice; that at the date of such release Otto was not indebted as tax collector; that by the release of Hamilton the official bond of Otto was reduced in amount to a sum less than that required by law; that the clerk has neglected and refused to publish notice of the withdrawal of Hamilton from the bond, or of the filing of a supplemental bond, etc., although there is and was a newspaper published in the county, etc.

The Political Code, sections 972 to 980, both inclusive, provides the manner in which sureties may be released from official bonds, additional sureties obtained, and the effect thereof.

Section 977 expressly provides that "the release, discharge, voluntary withdrawal, or incompetency of a surety on any official bond does not affect the bond as to the remaining sureties thereon, or alter or change their liability in any respect."

Official bonds in this state are joint and several, and the discharge of one or more of the sureties under our law does not operate as a discharge of the others. (*Supervisors* v. *Bird*, 31 Cal. 67.)

. The questions presented in the answer are in the main the same as those raised by the demurrer, which was properly overruled.

The judgment is affirmed.

PATERSON, J., MCKINSTRY, J., and TEMPLE, J., concurred.

Hearing in Bank denied.