CROWELL v. BARHAM.

Opinion delivered January 21, 1893.

1. *Replevin for property seized for a tax.*
Mansf. Dig. sec. 5572, which requires, as a prerequisite of an order of delivery in replevin, an affidavit that the property has not been taken for a tax or fine against the plaintiff, deprives the original owner of no remedy against a purchaser at an illegal tax sale.

2. *Tax sale—Power of deputy sheriff.*
The offices of sheriff and collector, when exercised by the same person, are so distinct that a deputy sheriff, by virtue of his appointment as such, is not authorized to distrain and sell personal property for taxes.

Appeal from Lafayette Circuit Court.

WILLIAM S. EAKIN, Special Judge.

Replevin by C. T. Crowell against C. H. Barham. Defendant claimed the property by virtue of a purchase at tax sale. It was in evidence that the property originally belonged to plaintiff; that the sheriff of the county was acting as *ex officio* collector of taxes; and that a deputy sheriff, who had never been appointed deputy collector, undertook to act as such, and returned the property as delinquent, advertised it, and conducted the tax sale, in the absence of the collector.

Judgment was for defendant, from which plaintiff has appealed.

*Montgomery & Moore* for appellant.

COCKRILL, C. J.   1.   When the collector of the revenue or his authorized deputy distrains personal property for payment of taxes, under an apparently valid warrant, the person chargeable with the payment of the taxes cannot sue out an order in replevin against him for the possession of the property. The law does not tolerate such interference with the collection of the revenue.

That is the policy of our statute which demands, as a prerequisite of an order of delivery, an affidavit that the property "has not been taken for a tax or fine against the plaintiff." Mansf. Dig., sec. 5572; Cooley on Taxation, 818; 2 Desty on Taxation, pp. 804–5.

But the statute confers no right to deprive the owner of his property by an illegal seizure or sale. It does not purport to preclude him from asserting his title by attacking the legality of the tax proceeding in any other form of action the law affords at any time. The full policy of the law is accomplished and rank injustice averted by restricting it to cases in which the property is held for a tax against the plaintiff. Such is the construction given to similar statutes in other States. *Power* v. *Kindschi*, 58 Wis. 539; *Heagle* v. *Wheeland*, 64 Ill. 423; Cobbey on Replevin, secs. 333, 341.

The statute deprives the original owner of no remedy against a purchaser at the tax sale. Authorities *sup*. He can successfully maintain replevin for the possession of his property unless the purchaser can establish the validity of the sale. That is the rule as to property sold under attachment or execution, and property taken under an order of attachment or a writ of execution is placed by the statute quoted in the same category as property taken for a tax.

2. Several objections are urged against the validity of the sale. One is that the distress warrant, which was addressed to the collector, was executed by a deputy sheriff, who was not shown to be a deputy collector. The deputy sheriff seized the property in dispute, advertised it in the name of the collector, by himself as deputy sheriff, and sold it in the absence of the collector— the latter officer being some six miles away when the sale was made. It was not shown that he had been appointed deputy collector, nor that any act was done by the collector from which the appointment could be

*2. Deputy sheriff not a deputy collector.*

inferred—it was not even shown that a copy of the warrant attached to the tax books, which is the collector's authority to make the seizure and sale, was delivered to him for execution. He seems to have proceeded upon the theory that a deputy sheriff was *ex-officio* a deputy collector.

The statute makes it the duty of the collector to distrain personal property for taxes. Mansf. Dig. sec. 5746 *et seq.* He may act by deputy. *Ib.* sec. 5716. A sale for taxes by a person not authorized to make it is void, and cannot divest the owner's title. *Hogins* v. *Brashears*, 13 Ark. 242; Black on Tax Title, sec. 105. The question therefore is, is a general deputy sheriff *ex-officio* deputy collector, and so empowered to distrain and sell property for taxes?

The offices of sheriff and collector, though usually exercised by the same person, are as separate and distinct as though held by different incumbents. *McCabe*, *ex parte*, 33 Ark. 396; *Falconer* v. *Shores*, 37 *ib.* 386. If the sheriff became collector by reason of qualifying as sheriff, there would be strong ground for contending that his general deputy was also deputy collector, as was held in the case of *People* v. *Otto*, 77 Cal. 45. But under our statute the sheriff becomes collector only when he qualifies as collector. He has the right by virtue of his office to become collector, but he may forfeit the right without forfeiting the office of sheriff. In that event the law authorizes the substitution of another in the office. *McCabe*, *ex parte*, 33 Ark. *sup.*; *Falconer* v. *Shores*, 37 *ib. sup.*

The duties imposed by the revenue law upon the collector are not made a part of the duties of the sheriff as such. Confusion arises only when the two offices are held by one incumbent; but if it is remembered that the incumbent acts in two capacities, and that the statute authorizes the appointment of deputy collectors to aid in

the collection of the revenue (Mansf. Dig. sec. 5716), and deputy sheriffs to aid in the discharge of the executive duties of that office (*ib.* 6318, 6321), it will be seen that one set of deputies has no authority to exercise the duties enjoined by law upon the other. Black on Tax Title, sec. 105, p. 132; *Skinner* v. *White*, 9 N. H. 204; *Webster* v. *Smith*, 78 Mo. 163.

It follows that a deputy sheriff has no authority, by virtue of his appointment as such, to distrain personal property for the payment of taxes.

The plaintiff's title was not divested by the sale, and upon the proof he should have recovered.

Reverse and remand for a new trial.