KLONDIKE LUMBER COMPANY *v.* BENDER WAGON COMPANY.

Opinion delivered April 18, 1903.

1. ACTIONS—CONSOLIDATION.—It was not error to refuse to consolidate an action of replevin with an action to enforce a laborers' lien where the parties were not the same in the two actions, and the issues presented were not such as could be properly joined. (Page 340.)

2. ATTACHMENT—SALE—NOTICE.—Under Sand. & H. Dig., § 348, providing that no sale of attached property "shall be made in vacation without reasonable notice in writing to the opposite party or his attorney, if either of them reside in the county in which the cause is pending, of the time and place of the application therefor," one who was not a party to an attachment suit until after an order of sale of the attached property was made in vacation, and who had no notice of the application for the sale, was not bound by such sale, and may sue the purchaser for possession of such property. (Page 341.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

STATEMENT BY THE COURT.

This is an action of replevin brought by the Klondike Lumber Company against the Bender Wagon Company to recover certain lumber. For a history of the main facts out of which this controversy about the possession of the lumber arose we refer to the statement of facts in the case of *Klondike Lumber Company* v. *Williams, ante,* p. 334. In that case it was stated that certain lumber was seized in an action brought by Williams Bros. against the Long Pine Lumber Company. This lumber was sold under an order of the circuit judge made in vacation. At the sale the lumber was purchased by the Bender Wagon Company. Afterwards the Klondike Lumber Company brought this action of replevin to recover the lumber. There was a motion made by the Klondike Lumber Company to transfer this case to the equity docket, and

to consolidate this action with the action in case of Williams Bros. and others. The court overruled the motion to transfer and consolidate, and on the hearing gave judgment in favor of the Bender Wagon Company, from which judgment the Klondike Lumber Company appealed.

*L. A. Byrne* and *W. R. Cowley,* for appellant.

*J. D. Cook,* for appellee.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment in an action of replevin. There was a motion to consolidate this action of replevin brought by the Klondike Lumber Company against the Bender Wagon Company to recover lumber with an action brought by Williams Bros. against the Klondike Lumber Company to enforce laborers' liens against the lumber. This motion was made in the case of *Williams Bros.* v. *Klondike Lumber Company,* but it is just as convenient to dispose of the point raised here as in that case, and we do so by saying that in our opinion the court committed no error in refusing to consolidate the two actions. The parties plaintiff and defendant were not the same in the two actions, and the issues presented were not the same, and are not such as would be properly joined. One action was a suit by certain parties against the Long Pine Lumber Company to enforce liens on certain lumber. The other action was brought by the Klondike Lumber Company to recover this lumber from the Bender Wagon Company, and the two actions raised entirely different questions. The title of the Bender Wagon Company rested upon a sale made by virtue of an order of the circuit judge in vacation. Whether this was a valid sale and passed the title of the lumber was the question raised by the action of replevin. If the sale was valid, then the Wagon Company was entitled to the lumber; otherwise, not. And there was no need to consolidate this with the other action where the question raised concerned the validity of certain liens on the proceeds of the lumber. For it must be remembered that the lumber had already been sold, and had passed from the possession and control of the court and its officers before the action of replevin was commenced. The proceeds of the lumber, that is the money for which it was sold, took the place of the lumber, and the action to recover the possession of the lumber did not therefore affect the other action to enforce liens against the proceeds of the lumber, and there was no necessity of consolidating them. It may be that, had the Klondike

Company chosen to do so, it could have raised the question as to the validity of this sale by filing a motion in the other case to set the sale saide. But, having chosen to bring a separate action of replevin, it has no room to complain that the court afterwards refused to consolidate the two cases.

The only remaining question for us to determine is whether the sale of the lumber made under the order of the circuit judge in vacation was a valid sale. The order for the sale was, as before stated, made in an action brought in the circuit court by Williams Bros. against the Long Pine Lumber Company to enforce a lien for labor upon the lumber replevied in this action. Now, we find in the statute regulating the proceedings for the enforcement of laborers' liens no provision authorizing the sale of the property by an order of the judge made in vacation, and there is room for doubt as to whether the judge in vacation can order such a sale in actions of that kind. But there is a provision in the statute regulating proceedings in actions of attachment authorizing the judge in vacation to order the sale of perishable property, and this is no doubt the statute under which the judge acted in this case. That section provides that "no such sale shall be made in vacation without reasonable notice in writing to the opposite party or his attorney, if either of them reside in the county in which the cause is pending, of the time and place of the application therefor." Sand. & H. Dig. § 348.

Now, the Long Pine Lumber Company was the party sued in that case, but the evidence shows, and the court found, that this company was not the owner of the lumber sold. The lumber was owned by the Klondike Lumber Company, and that company was not a party to the suit until after the order for the sale of the lumber was made, and had no notice of the application for the sale of the lumber. Under these circumstances, the sale of the lumber did not affect any right or interest which the Klondike Lumber Company had in the lumber. The sale did not affect their title. The company after the sale still owned the lumber, subject, of course, to any valid liens existing against it, and had the right to recover the same from the purchaser at the sale, for the purchaser acquired only the right, title and interest therein owned by the Long Pine Lumber Company, the defendant in the action. *Crowell* v *.Barham,* 57 Ark. 195.

As to whether it acquired the right of subrogation to the rights of parties holding liens upon the property we need not de-

cide, for a lien of that kind could not be enforced in an action of replevin, nor has any such lien been set up or claimed in this case. On the contrary, the Bender Wagon Company has rested its rights on a claim to the legal title to the lumber, and has resisted all efforts to transfer the case to the equity docket.

Being of the opinion that the sale of the lumber under the order of the judge made in vacation was void for the reasons stated, we think that it passed no title to the defendant, and that the judgment in favor of defendant is not supported by the evidence.

For this reason the judgment is reversed, and a new trial ordered.