### EMERSON v. HOPPER.

### Opinion delivered April 4, 1910.

1. CRIMINAL LAW—BOND FOR COSTS IN FELONIES.—As the law does not require a bond for costs from one who institutes a prosecution for felony, a bond executed in such a case is void, and a judgment based thereon is likewise void. (Page 385.)

2. EXECUTION—VOID JUDGMENT.—Though a judgment is void on its face, an execution thereon which is regular on its face will justify the officer in obeying its mandate. (Page 385.)

3. REPLEVIN—PROPERTY IN CUSTODIA LEGIS.—Under Kirby's Digest, § 6854, providing that an order of delivery of property shall not be made in a replevin case until the plaintiff files an affidavit that the property has not been "seized under an execution" against plaintiff's property, an action of replevin will not lie against an officer who has levied upon plaintiff's property under execution regular upon its face, though based upon a judgment void upon its face. (Page 386.)

Appeal from Van Buren Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The appellee as constable levied upon a horse under an execution regular upon its face, issued on a judgment rendered against appellant by a justice of the peace, on a cost bond given by appellant to pay all costs that should accrue in a criminal prosecution instituted by the affidavit of appellant charging one James Picklesimer of the crime of slander. The appellant as the owner sought to replevy the horse. The circuit court held that replevin would not lie, and rendered judgment for appellee.

*A. Y. Barr,* for appellant; *Wm. T. Miles,* of counsel.

The bond was void. 62 Ark. 135; 34 Ark. 529. Replevin will not lie for property *in custodia legis,* and the requirement of an affidavit will not affect the question. 58 Wis. 539; 48 Wis. 371; 16 Fed. 181; 27 Wis. 679; 40 Am. D. 145. But replevin will lie against an officer holding property under a void judgment. 20 Ia. 282; 12 Ia. 27; 21 Ia. 56; 2 Colo. 591; 18 Mich. 233; 100 Am. D. 162; 47 Mich. 502; 11 N. W. 290; 95 Mich. 45; 54 N. W. 713; Fed. Cas. No. 631; 2 Dill. 175; Fed. Cas. No. 99,522; 1 Hempst. 10.

WOOD, J., (after stating the facts). The law does not require a bond to be given by one who institutes a prosecution for a felony. Slander is a felony. Kirby's Dig., § 1861.

The bond was void, and the judgment based thereon was *coram non judice* and void. 5 Cyc. 746; *Williams* v. *Skipwith,* 34 Ark. 529; *Walker* v. *Fetzer,* 62 Ark. 135.

The judgment being void, the execution was also void. But the execution was regular on its face, and justified the officer in obeying its mandate. *Bogert* v. *Phelps,* 14 Wis. 89-92. See *Townsly-Myrick Dry Goods Co.* v. *Fuller,* 58 Ark. 181, 185. Before an order of delivery can issue, the plaintiff in replevin must file an affidavit showing: "That it has not been taken for a tax or fine against the plaintiff, or under any order or judgment of a court against him, or seized under an execution, etc., against his property." Kirby's Dig., § 6854, subdiv. 5th. In *Crowell* v. *Barham,* 57 Ark. 195, the plaintiff sought to replevy property from a purchaser thereof at a tax sale. The plaintiff claimed that the sale for taxes was void, because the officer making the sale (a deputy sheriff) was without authority to distrain and sell for taxes. The court upheld that contention. While the same question is not presented as in the case at bar, the court did construe the section (subdiv. 5th) of the statute, *supra,* as it pertained to a warrant authorizing the taking of property for taxes, and concerning this said: "When the collector of the revenue or his authorized deputy distrains personal property for payment of taxes, under an apparently valid warrant, the person chargeable with the payment of the taxes cannot sue out an order in replevin against him for the possession of the property. * * * That is the policy of our statute,

which demands, as a prerequisite of an order of delivery, an affidavit that the property 'has not been taken for a tax or fine against the plaintiff.' " Precisely the same policy actuated the lawmakers in embracing in the same statute the requirement that the affidavit should also state that the property had not been seized under an execution. This construction was not necessary to the decision in *Crowell* v. *Barham, supra,* but we are of the opinion that it was the correct construction. However, we are aware that many authorities hold that process valid upon its face, but void in fact, is only protection to the officer who has acted thereunder when he is proceeded against as a tortfeasor, and that it is no defense to him, as in an action of replevin, where the only object sought is the recovery of the property and the proceedings are *in rem. Beach* v. *Botsford,* 40 Am. Dec. 45, 1 Douglas, 199. See also note to *Savacool* v. *Boughton,* 21 Am. Dec. 207, where the cases are exhaustively reviewed. But under our statute the proceedings in replevin are not *in rem.* Kirby's Dig., § 6868. Property taken by an officer under 'process regular upon its face should, as between the officer and the owner from whom it is so taken, be considered as *in custodia legis.* The remedy of the owner in such case, where the process is apparently good but void in fact, is not to sue the officer for the property or for damages, but he may proceed, as was said in *Crowell* v. *Barham, supra,* to attack the process and the proceeding under which it issued "in any form of action the law affords at any time." If the property has been sold under the void proceeding, he can then successfully maintain replevin for it. He is not remediless, even though he may not maintain replevin against the officer under the statute.

The court followed the construction of the statute, as announced in *Crowell* v. *Barham, supra.* The judgment is correct.

Affirm.