CHERRY v. DILLARD.

Opinion delivered December. 3, 1917.

PROPERTY TAKEN UNDER VOID PROCESS—REMEDY OF OWNER.—Where
property is taken from the owner under process which is apparently good, but is in fact void, the owner's remedy is to proceed
to attack the process and the proceedings under which it issued,
but not to sue the officer for the property nor for damages.
Where property has been sold under a void proceeding the owner
may maintain replevin for it.

Appeal from Marion Circuit Court; *John I. Worthington,* Judge; reversed.

*Allyn Smith,* for appellant; *G. W. Rogers,* of counsel.

1. The property was *in custodia legis* under a writ
valid on its face, and replevin would not lie. No one
except the mortgagee, where the property is mortgaged,
can replevy. The creditor is not liable where he did not
direct the levy. 42 Ark. 236; 58 *Id.* 354; 41 *Id.* 295; 94
*Id.* 216; 126 S. W. 842; Kirby's Digest, § 6854, subd. 5;
57 Ark. 195; 127 S. W. 467; 94 Ark. 384; Kirby & Castle's
Digest, § 8426; 23 Tex. 269; 2 Greenl. Ev. (8 Ed.)., § 560;
4 Gray 441.

2. The execution was not levied by direction of the
creditor and he is not liable. 7 J. J. Marsh 646; *Ib.* 263;
3 Ill. App. 635; 51 Vt. 183; 23 Ark. 101; 62 *Id.* 135.

3. Sinor and Stewart did not appeal.

*J. H. Black* and *Williams & Seawell,* for appellee.

1. A verdict was properly instructed for appellee.
The remedy was not by replevin, but by bill to foreclose.
42 Ark. 236.

2. The property was not subject to execution and
the levy and taking were unlawful. On failure to release replevin would lie. 52 Ark. 128. Cherry was a
joint tort-feasor and liable. 7 Cyc. 18.

3. The evidence as to whether the team was offered
to be returned to Dillard was properly submitted to a
jury. Sinor and Stewart did not appeal. 48 Ark. 454;
70 *Id.* 74; 45 *Id.* 392; 43 *Id.* 230. There is no error.

HUMPHREYS, J.  Appellee brought replevin in the Marion Circuit Court against B. F. Stewart, constable of Jefferson township, Lee Sinor and appellant to recover a horse and mule which had been levied upon and taken into custody by the constable under an execution, regular on its face, issued on a judgment theretofore obtained by appellant against appellee.  It was alleged in the complaint that the Bank of Yellville had a mortgage on the horse and mule at the time the execution was levied on them and that for that reason they were not subject to levy and sale under the execution.

Appellant answered for himself and B. F. Stewart, the constable, in substance, that the property was not wrongfully taken from appellee, and denied that appellee was entitled to the possession thereof.  He admitted that the property was seized under an execution as alleged in appellee's complaint, and charged that as soon as they discovered that the property was mortgaged in favor of the Yellville Bank he instructed the constable to return it to appellee and that the property was tendered to appellee on or about the 20th of November, 1916, but appellee refused to accept same.

Lee Sinor filed separate answer setting up that he was the keeper of a livery stable on or about the 11th day of November, 1916, and that the constable brought the property and placed it in his stable for purposes of feed and care; that he fed and cared for the stock up to the institution of the suit in replevin and that he was entitled to a lien on the stock in the sum of $80 under and by virtue of Section 5044 of Kirby's Digest; and as a further defense he charged that he and the constable tendered the property to appellee on or about November 20, 1916, and that appellee refused to accept same.

The cause was heard upon the pleadings, oral evidence and instructions of the court.  The court instructed the jury to return a verdict in favor of appellee for the team and to determine whether or not they were wrongfully detained and to ascertain the usuable value of the property during the time of detention.  The jury re-

turned a verdict in favor of appellee for his team and assessed damages for the detention thereof in the sum of $67. A judgment was rendered in accordance with the verdict against Lee Sinor, B. F. Stewart and J. J. Cherry. Neither Lee Sinor nor B. F. Stewart have appealed and are bound by the judgment. J. J. Cherry took the proper steps and has prosecuted an appeal to this court.

The evidence in the case is conflicting as to whether the property was unconditionally tendered back to appellee after being seized under the execution; but the undisputed evidence revealed the fact that the property was *in custodia legis,* under process regular upon its face, when appellee instituted suit in replevin for it. There had been no sale of the property under the judgment or process at the time appellee instituted suit. This court said in the case of *Emerson* v. *Hopper,* 94 Ark. 384, that "Property taken by an officer under process regular upon its face should, as between the officer and the owner from whom it is so taken, be considered as *in custodia legis.* The remedy of the owner in such case, where the process is apparently good but void in fact, is not to sue the officer for the property or for damages, but he may proceed, as was said in *Crowell* v. *Barham,* 57 Ark. 195, to attack the process and the proceeding under which it issued 'in any form of action the law affords at any time.' If the property has been sold under the void proceeding, he can then successfully maintain replevin for it. He is not remediless, even though he may not maintain replevin against the officer under the statute."

The instant case is ruled by the case of *Crowell* v. *Barham,* 57 Ark. 195, and *Emerson* v. *Hopper,* 94 Ark. 384.

For the error indicated, the judgment is reversed and the cause against appellant Cherry is dismissed.