MORRISON v. BERRY.

Opinion delivered January 18, 1926.

REPLEVIN—PROPERTY IN HANDS OF OFFICER.—If property seized by an
    officer belongs to a defendant in the execution or attachment,
    it is *in custodia legis*, and not the subject of replevin; but if it
    belongs to a stranger to the process when seized, it is not then
    *in custodia legis*, and may be replevied by the owner.

Appeal from Searcy Circuit Court; *J. M. Shinn*,
Judge; affirmed.

*W. F. Reeves*, for appellant.

HUMPHREYS, J. The question presented by this ap-
peal is whether replevin was the proper remedy in the
case. The undisputed facts are that Lloyd Massey ob-
tained a judgment in a magistrate's court against Mrs.
Lydia Berry for $13 upon which an execution was duly
issued, directed to the constable of the township, who is
the appellant herein. Appellant, in an official capacity,
levied the execution on fifty-two bushels of corn in the
barn on the farm of Mrs. Berry. The corn was the
property of appellees, Ellison and Oscar Berry, and,
when it it was levied upon, they sued out a writ of re-
plevin, which was served by delivering a copy thereof to
said constable. The constable thereafter proceeded to sell
the corn under the execution, and made return thereon to
the court out of which the execution issued. Upon the trial
of the replevin suit, appellees recovered the value of the
corn from appellant, both before the justice of the peace
and on appeal to the circuit court.

It is sought to reverse the judgment of the circuit
court upon the ground that the property was *in custodia
legis*, and not the subject of replevin, when seized by the
constable under the execution. In support of this posi-
tion learned counsel for appellant has cited *Goodrich* v.
*Fritz*, 4 Ark. 525; *Hagan* v. *Duell and Vaughan*, 24 Ark.
216; *Crowell* v. *Barham*, 57 Ark. 195; *Emerson* v. *Hop-
per*, 94 Ark. 384; and *Cherry* v. *Dillard*, 131 Ark. 245.
These cases sustained the principle that property *in
custodia legis* cannot be replevied from the officer seizing

it while in his possession, but they do not establish the principle that property belonging to a stranger to the process under whch the property was seized may be regarded as *in custodia legis*. If property seized by an officer belongs to a defendant in the execution of attachment, it is *in custodia legis* and not the subject of replevin; but if it belongs to a stranger to the process when seized, it is not *in custodia legis* and may be replevied by the owner. *Willis* v. *Reinhardt,* 52 Ark. 128; Crawford & Moses' Digest, § 8646.

In the instant case appellees were strangers to the execution against Mrs. Berry under which their corn was seized, and they had a right to replevy it from the officer seizing it.

No error appearing, the judgment is affirmed.