## W. H. STONE *et al. v.* BUNKER HILL COPPER, GOLD, AND SILVER MINING COMPANY.

COURT COMMISSIONER.—A Court Commissioner has no jurisdiction to hear a motion or make any order in reference to the dissolution of an injunction, unless the motion is referred to him by the Court.

*Query ?*—Can an appeal be taken from an order of a Court Commissioner dissolving an injunction, without first applying to the District Court to correct the error.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The defendant was a corporation organized for mining purposes in El Dorado County, having its place of business at the Penobscot House, in said county.

The plaintiffs, who were stockholders in the corporation, commenced the action to enjoin the corporation from removing its place of business to San Francisco.

A preliminary injunction was granted. The defendants gave notice that they would move the Court Commissioner of El Dorado County for a dissolution of the injunction. The injunction was dissolved. The plaintiffs appealed from the order dissolving the injunction.

*S. & G. E. Williams,* for Appellants.

*Blanchard & Hornblower,* for Respondent.

By the Court, SAWYER, J.

The only point made by the appellant is, that the Court Commissioner had no jurisdiction to dissolve the injunction. The powers of Court Commissioners are prescribed by the Act of 1863, "concerning the Courts of justice of this State, and judicial officers" (Laws 1863, p. 338, Sec. 40.) This was a contested motion brought before the Commissioner on notice, and not "referred to him by the Court for determination." We think the Commissioner had no jurisdiction to hear the motion, or make the order without a reference by the Court

63

in pursuance of the second clause of section forty. No question is made as to the regularity of the appeal without first applying to the District Court to rectify the action of its subordinate officer.

Order reversed.