JOHN F. CURTIS *against* SAMUEL A. BESSON AND ANOTHER.

(Decided May 15th, 1876.)

An action brought in a District Court of the city of New York, to recover the possession of personal property, cannot be removed to this court for trial under the provisions of the District Court act of 1857 (L. 1857, ch. 344, § 3), allowing actions to be removed when the amount sued for exceeds $100.

APPEAL by defendants from a judgment of a district court. The facts are stated in the opinion.

*Mackay & Kelly*, for appellants.

*Henry P. Wells*, for respondent.

ROBINSON, J.—This was an action for the recovery of possession of personal property, brought in the Third Judicial District Court, under the provisions of the 206th and 207th sections of the Code, as made applicable to the Marine and District Courts of this city by chapter 484 of the Laws of 1862, sec. 17, and the alleged error for which it is sought to reverse the judgment, was that the justice refused to make an order for the removal of the cause before trial to this court, upon tender by the defendant of such an undertaking as was allowed by the District Court act of 1857, chapter 344, section 3, subdivision 3, " in actions commenced in pursuance of this (that) section."

The actions thus referred to were those enumerated in subdivisions 1 and 2 of that section, and were exclusively for the recovery of money not exceeding $250 ; and the undertaking with one or more sureties was to be approved " by the justice of the court in which such action is (was) commenced, to pay to the plaintiff the amount of any judgment that may (might) be awarded against the defendant by the said Court of Common Pleas."

The jurisdiction of the Marine and District Courts in actions of claim and delivery of personal property, as conferred by the act of 1862, was limited to cases where the value of the property claimed did not exceed two hundred and fifty dollars. This act makes no provision for the removal of any such an action into this court, nor is there any expression used in it indicating any such intention on the part of the Legislature. Besides this, the terms of the provision contained in the act of 1857, sec. 3, are inconsistent with the claims made by the appellant.

By that section, conferring jurisdiction solely of actions for the recovery of money, the power of removal is only " in such actions " (referred to in subdivisions 1 and 2), and the obligation of the undertaking required in such a proceeding is to pay " the amount of any (money) judgment," while in a proceeding for the removal of the action for the recovery of the possession of personal property, any such an obligation would be unadapted to the case, and would not furnish the plaintiff the security for

the performance of such terms, as the judgment in such an action in favor of the plaintiff would award.

The action for recovery of the possession of personal property is not among such as may be removed into this court under the act of 1857, nor is it made so removable either in the act conferring jurisdiction over it on the District Courts, and the provisions in the act of 1857 for the removal of such actions to this court are inapplicable to it. For these reasons, the justice was justified in refusing to make the order for removal, and no error in this respect was committed.

The judgment should be affirmed.

VAN BRUNT, J., concurred.

Judgment affirmed.