<hr/>

## WILLIAMS vs. SKIPWITH.

34  529
62  138

1. ATTACHMENT: *Release bond, where there is no attachment, void.*

In a suit in which no affidavit or bond for attachment was filed, nor order for attachment issued, the defendant filed the bond of a surety to perform such judgment as should be rendered in the case. Afterwards, judgment was rendered against both defendant and the surety, without notice to him, for the plaintiff's demand; and execution was issued, and the surety gave a stay bond; and afterwards appealed to the supreme

court. *Held,* That the bond of the surety was unauthorized by law, and answered no purpose in the suit; that it gave the circuit court no jurisdiction as to him, and the judgment against him was *coram non judice,* and void; and.that, there being no judgment against him, the execution and stay bond were also void.

APPEAL from *Pulaski* Circuit Court.
Hon. T. C. PEEK, Special Judge.
*Gallagher & Newton,* for appellant.
*Dodge & Johnson, contra.*

HARRISON, J. E. H. Skipwith sued the Memphis and Little Rock Railroad company, before a justice of the peace, on an account for $250.

The suit was commenced on the seventeenth day of March, 1873, and the summons was served the same day.

No affidavit, nor bond, as required in suits by attachment, was filed, nor order of attachment issued; but the defendant, on the eighteenth day of the same month, filed with the justice, and which was approved by him, the bond of B. D. Williams, to the plaintiff, in the sum of $500, conditioned that the defendant would perform the judgment that should be rendered in the case.

Upon the trial, the justice found in favor of the defendant; and the plaintiff took an appeal to the circuit court.

The case was tried in the circuit court, at the May term, 1876, by the court without a jury, which found for the plaintiff the sum claimed in his account, $250, and rendered judgment therefor against the defendant, and also, without any notice to him, against Williams.

An execution on the judgment was issued on the second day of October, 1876, to Jefferson county, and Williams gave a stay bond. After the return of the execution, he applied for, and obtained, an appeal to this court.

There was no attachment against the defendant's property. The bond filed with the justice was unauthorized by law, and answered no purpose in the suit.

It could, therefore, give the circuit court no jurisdiction as to the appellant, and the judgment against him was *coram non judice*, and void.

There being no judgment against him, the execution and stay bond were also void.

The judgment of the circuit court against the appellant is, therefore, reversed, and, together with the subsequent proceedings, set aside and held for naught.