[No. 7,151.—Department Two.]

## JOHN QUIGGLE v. A. L. TRUMBO.

COURT COMMISSIONER—JURISDICTION—RECEIVER.—A court commissioner has no jurisdiction to appoint a receiver, and a bond given by a receiver so appointed is void.

APPEAL from a judgment for plaintiff, in the Twenty-first District Court, County of Modoc. CLOUGH, J.

The action was upon the official bond of the defendant Trumbo as receiver.

*E. V. Spencer*, for Appellant.

*E. Turner*, and *J. D. Goodwin*, for Respondent.

MYRICK, J.:

A court commissioner appointed by a District Court made an order appointing Trumbo a receiver in an action brought by one Paxton against Quiggle, plaintiff herein, and Dean and Wells, for the purpose of setting aside a sale made by Dean and Wells to Quiggle of certain personal property, on the ground of fraud.    Trumbo executed a bond as receiver, and his co-defendants herein were his sureties on the bond.    The plaintiff herein alleges, that the receiver took possession of the property; that the action against Quiggle and others was dismissed as to him, and that Trumbo subsequently delivered the property to Paxton.

The defendants herein demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.    The demurrer was sustained, and plaintiff failing to amend, judgment went for defendants.    Plaintiff appealed.

It appears to us that the appointment of the receiver by the court commissioner was void.    The powers of a commissioner are specified in § 259 of the Code of Civil Procedure.    He must rely upon the statute alone for his authority to act.    (*Stone v. B. H. M. Co.* 28 Cal. 497.)    According to § 564 of the Code of Civil Procedure, a receiver may be appointed by the Court or the judge thereof.    We think that this section confines the power to appoint a receiver to the Court or the judge thereof. See §§ 566–569 of the Code of Civil Procedure, where the *Court* is to act regarding a receiver.    It could not be contended, that, in all the matters referred to therein, a court commissioner could act, having implied authority so to do by § 259 of the Code of Civil Procedure.    The effect of § 304 of the Code of Civil Procedure is to limit the power to appoint a receiver to the Court or judge.

The complaint, counting as it does on an appointment made by a court commissioner, was defective ; the bond was void; the demurrer should have been sustained.

This case is not within § 963 of the Political Code.    Here there is no official bond ; there was no officer to give a bond.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.