CAROLINE M. MITTNACHT, Appellant, v. JOHN KELLERMANN,
Impleaded, etc.; Respondent.

A District Court of the city of New York has no authority to order the
removal of an action for claim and delivery of personal property from
that court into the Court of Common Pleas; under such an order
the latter court acquires no jurisdiction, and can render no valid judg-
ment therein.

The provision of the act of 1857, in reference to the District Courts
(§ 3, chap. 344, Laws of 1857), authorizing the removal of actions to the
Common Pleas in certain cases is not applicable to the provision of
the act of 1862 (§ 17, chap. 484, Laws of 1862), conferring jurisdiction
upon District Courts to determine actions for claim and delivery.

J., plaintiff's assignor, commenced an action for claim and delivery in a
District Court. After issue joined the defendant therein commenced
proceedings to remove the action into the Court of Common Pleas.
For that purpose he filed an undertaking, which, after reciting the
commencement of the action, the joinder of issue, the application to
remove, etc, contained a condition on the part of the obligors by which,
in consideration of the premises and of one dollar to them paid, they
agreed to pay to the plaintiff "the amount of any judgment that may
be awarded against the defendant by said Court of Common Pleas" in
said action. The District Court thereupon, and on the ex parte appli-
cation of said defendants, made an order assuming to remove the case
into the Common Pleas. J. caused the action to be placed on the
calendar of that court at a trial term, took a default and entered judg-
ment upon the inquest for a return of the property, or in case that
could not be had for its value as assessed. No appearance was in
any way made by said defendant in the Common Pleas. Held, that an
action upon the undertaking was not maintainable; that it was not
executed under any statutory authority, and could not be upheld as a
valid instrument at common law as there was no consideration to sustain
it; that, under the circumstances, the admission of the receipt of one
dollar raised no inference that it was paid by J.; that, assuming the
undertaking was given on a sufficient consideration, no breach was shown,
as there was no valid judgment rendered by the Court of Common Pleas.

Also held, that defendants were not estopped from raising the questions as
to the invalidity of the undertaking by the fact that they had not raised
them in the answer, as they appeared upon the face of the complaint,
nor were they estopped from disputing the jurisdiction of the Court of
Common Pleas by the recitals in the undertaking.

(Argued March 11, 1887; decided April 26, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, made January 10, 1883, which affirmed a judgment of the Marine Court of said city affirming a judgment in favor of respondent entered on a decision of one of the judges of said court on trial without a jury.

This action was upon an undertaking executed by the defendants, the substance of which as well as the material facts are set forth in the opinion.

*Christopher Fine* for appellant. Defendant is estopped from raising any question as to the invalidity of the under-taking, the answer not having raised the question. (*Vose* v. *Cockroft*, 44 N. Y. 415, 422, 423, 427, 428; *In re Cooper*, 93 id. 507, 512; *Schreyer* v. *Mayor, etc.*, 39 N. Y. Supr. 1, 3; *McKyring* v. *Bull*, 16 N. Y. 297; *Cummings* v. *Barkelow*, 4 Keyes, 514; *Stafford P. Co.* v. *Monheimer*, 41 N. Y. Supr. 184–188; *Darlington* v. *Mayor, etc.*, 2 Rob. 274; *Potts* v. *Sparcon*, 3 Dowl. P. C. 630; *Barnett* v. *Glassop*, 3 id. 625; *Cobb* v. *Rathborn*, 19 N. Y. 37, 39; *Dubois* v. *Hermance*, 56 id. 673; *Brennan* v. *Mayor, etc.*, 62 id. 365.) The defendants are now estopped from asserting the invalidity of their own proceedings. (*Cumberland Coal & I. Co.* v. *Hoffman S. Co.*, 39 Barb. 16, 19; *Onderdonk* v. *Voorhis*, 36 N. Y. 358, 360; *Kelly* v. *McCormick*, 28 id. 318, 320; *Harrison* v. *Wilkin*, 69 id. 412, 417, 418; *Diossy* v. *Morgan*, 74 id. 11, 13, 14; *Barnett* v. *Zacharias*, 24 Hun, 304, 306; *Methodist Ch.* v. *Barker*, 18 N. Y. 463, 466; Herman's Law of Estoppel, 273, §§ 251, 252; id. 266, § 244; id. 271, §§ 249, 250; *Speake* v. *U. S.*, 9 Cranch, 28, 36; Cro. Eliz. 756; *In re Cooper*, 93 N. Y. 507, 512; *Coleman* v. *Bean*, 3 Keyes, 394; *Hill* v. *Burke*, 62 N. Y. 111, 117; *Franklin* v. *Pendleton*, 3 Sandf. 572, 575.) The recital of the pecuniary or valuable con-sideration moving to the defendants could not, as matter of law, be contradicted for the purpose of defeating the agree-ment, nor in fact was any such denial or attempt made. (*McCurtis* v. *Stevens*, 13 Wend. 527; *McCrea* v. *Purmont*,

16 id. 460; *Bk. of the U. S.* v. *Herman,* 6 Paige, 526; *Merriam* v. *Harsen,* 2 Barb. Ch. 232, 267; *Barnum* v. *Child,* 1 Sandf. 58.) The undertaking having been voluntarily executed, its validity did not depend on the lawfulness of the order of removal. (*Skillman* v. *Yendes,* 12 Wend. 306; *Perry* v. *Sleight,* 1 id. 518, 520; *Flogg* v. *Tyler,* 3 Mass. 304; *Bowne* v. *Miller,* 6 Hill, 496, 497.) Nor did the variance of the condition from the terms of the statute render the bond void. (*Ring* v. *Gibbs,* 26 Wend. 502; *Acker* v. *Burrell,* 21 id. 605, 606; *Clute* v. *Kines,* 102 N. Y. 377, 381, 382; *Goodwin* v. *Bunzl,* 102 id. 224; *Cook* v. *Freudenthal,* 80 id. 202; *Sonneborn* v. *Libby,* 102 id. 539, 549, 556; *Com. of Charities* v. *O'Rourke,* 34 Hun, 349; *People* v. *Morton,* 9 N. Y. 176, 178, 179: 1 Rorer on Railroads, 94; *Carlisle* v. *S. N. L. R. R. Co.,* 27 Mich. 315; *Parker* v. *N. C. M. R. R. Co.,* 33 id. 23: *N. Cent. M. R. R. Co.* v. *Eslow,* 40 id. 222.)

*Jacob L. Hanes* for respondent. The justice of the District Court who received the alleged undertaking, being wholly without jurisdiction so to do, or to make any order of removal thereupon, the respondent is not estopped from his defense that his supposed undertaking was invalid and void (*Ward* v. *Syme,* 8 N. Y. Leg. Obs. 95: *M. C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379; *Ayers* v. *Watson,* 113 id. 594; *Post* v. *Doremus,* 60 N. Y. 371.) Nor can any recitals in the undertaking estop the defense that it was void for such want of jurisdiction. (*Ward* v. *Syme, supra; Post* v *Doremus, supra: M. C. & L. M. R. Co.* v. *Swan, supra; Ayers* v. *Watson, supra; Cadwell* v. *Colgate,* 7 Barb. 253; *Germond* v. *People,* 1 Hill, 343; *Latham* v. *Edgerton,* 9 Cow. 227.)

RUGER, Ch. J. In December, 1876, one Jacob Mittnacht commenced an action of claim and delivery for the recovery of personal property, in a District Court of the city of New York against John B. Geschwind. Issue was joined in the action and immediately, thereupon, the defendant commenced proceed-

ings to remove the case into the Court of Common Pleas of the city of New York. For that purpose he procured to be executed and filed in the District Court an undertaking signed by himself, as principal, and John Kellermann and Frederick Dieterle, as sureties, which undertaking, after reciting the commencement of the action under chapter 344 of the Laws of 1857; the joinder of issue therein; that a trial thereof had not been had, and the application of the defendant to remove the case into the Court of Common Pleas under the provisions of said act, continues, that now, therefore, we, John B. Geschwind, John Kellermann and Frederick Dieterle, "have, and hereby do, in consideration of the premises aforesaid, and of one dollar to us in hand paid, jointly and severally, promise and agree that we will pay to the plaintiff the amount of any judgment that may be awarded against the defendant by the said Court of Common Pleas in this action." The District Court, thereupon, assumed to make an order removing the case into the Court of Common Pleas, upon the *ex parte* application of the defendant therein. Thereupon, the plaintiff caused said action to be placed upon the calendar of the Court of Common Pleas at a trial term thereof, and when the case was reached, in the regular course of proceedings, moved the same for trial, and the defendant not appearing, took his default and entered judgment, upon an inquest, for the return of the property described, and, in case that could not be had, for the amount of $250, its assessed value.

No appearance in the action was in any way made in the Common Pleas, by the defendant after its attempted removal there, and it does not appear that he ever took any steps in the action after obtaining the order of removal.

This action is brought to recover the damages arising out of an alleged breach of the undertaking given on the attempted removal. The grounds upon which liability is contested are, that the undertaking was without consideration; that the District Court had no authority to order a removal of an action for claim and delivery, from that court into the Court of Common Pleas, and that the latter court acquired no jurisdiction

of the case, by reason of the proceedings to remove it, and has rendered no valid judgment in such action.

It seems to us quite clear that the District Court hab no authority to order the action to be transferred from that court into the Court of Common Pleas. By chapter 344 of the Laws of 1857, being an act to consolidate the several acts relating to District Courts in the city of New York, it is provided by section 3, that such courts have jurisdiction in the following actions:

*First.* In actions similar to tnose provided by sections 53 and 54 of the Code of Procedure, where the sum claimed shall not exceed $250.

*Second.* In an action upon the charter, ordinances or by-laws of the corporation of the city of New York, or a statute of the State where the penalty shall exceed $250.

It is then provided by subdivision 3 of that section that "in any action commenced in pursuance of this section where the claim or demand shall exceed the sum of $100, upon the application of the defendant, the justice shall make an order removing the same, at any time after the issue joined, and before the trial of the same, into the Court of Common Pleas, in and for the city and county of New York, upon the defendant executing to the plaintiff an undertaking with one or more sufficient sureties, to be approved of by the justice of the court in which such action is commenced, to pay to the plaintiff the amount of any judgment that may be awarded against the defendant by the said Court of Common Pleas."

It will be observed that this act conferred no jurisdiction upon the District Courts to entertain actions except those calling for the relief to be obtained by money judgments. It is not claimed that they thereby obtained any jurisdiction of an action for claim and delivery.

By section 17 of chapter 484 of the Laws of 1862, jurisdiction was conferred upon District Courts to hear and determine actions for claim and delivery where the value of the property claimed did not exceed $250. The question whether such

an action was removable into the Court of Common Pleas, under section 3 of the act of 1857, arose in that court in 1876 in the case of *Curtis* v. *Besson* (6 Daly, 432) where it was held that it was not, the court saying that the act of 1862 made no provision for such removal, and that the terms of the provisions of section 3 of the act of 1857, were inconsistent with the theory that such power of removal was intended to be conferred. They say " by that section conferring jurisdiction solely of actions for the recovery of money the power of removal is only " in such actions (referred to in subd. 1 and 2) and the obligation of the undertaking required in such a proceeding is to pay " the amount of any (money) judgment," while in a proceeding for the removal of the action for the recovery of the possession of personal property, any such obligation would be unadapted to the case, and would not furnish the plaintiff with security for the performance of such terms, as the judgment in such an action in favor of the plaintiff would award."

Great weight must be given to the opinions of that court upon questions affecting its own practice and jurisdiction, and we should be reluctant to overrule its disposition of such cases, especially when they had been long acquiesced in, even if we were not entirely satisfied with the reasons given therefor.

But we are also of the opinion that the decision of that case was a correct exposition of the meaning and intent of the statute referred to. It follows from these views that the order of the District Court removing the original case to the Court of Common Pleas was without jurisdiction, and did not effect such removal· that the Court of Common Pleas acquired no jurisdiction of that action by force of the order of removal, and that all subsequent proceedings in that court were void and of no effect. It also follows, from these views, that the execution of the undertaking in question was not made under any statutory authority, and it cannot be supported upon the theory that it was executed according to any requirement of law.

Although it may be open to some question whether the security in question comes within the provisions of the statute against bonds taken *colore officii* (*Decker* v. *Judson*, 16 N. Y. 439) it yet derives no support from the statute, and must be sustained, if sustainable at all, upon some other theory. The general rule that bonds taken by public officers purporting to be taken under statutory authority, but which are not actually authorized by the statute, and do not conform in all material respects with its provisions, are void, is too well established by authority to be questioned or disputed. (*Post* v. *Doremus*, 60 N. Y 371; *People* v. *Meighan*, 1 Hill, 298, *Homan* v. *Brinckerhoff*. 1 Denio, 184.)

Some claim has been made by the appellant that it may be upheld as a valid instrument at common law, but such an instrument, like other contracts made between parties, requires a consideration to support it. This contract has none. It was a unilateral undertaking, executed by a defendant acting in hostility to the plaintiff, and by which he sought to obtain an advantageous position in the litigation, against the will of his adversary. If it had any force it was not by any agreement or consent of the parties, but was the act of one party attempted to be imposed upon the other, as a compliance with an assumed statutory authority. It was not claimed that it had any other efficacy than such as the statute gave it. The admission of the receipt of one dollar in the undertaking as a consideration, does not state who received it, or from whom it came. Ordinarily such an acknowledgment would import that it came from the obligee, but such an inference cannot legally be indulged, when the situation of the parties forbids it. It cannot be presumed that a hostile party in a law suit, advanced money to his adversary, to enable, a proceeding to be taken which he did not know of, and would naturally desire to defeat. This bond was not given as the condition of any favor extended by the court, or as the condition of any indulgence to be granted by the plaintiff, but was an *ex parte* proceeding to compel a removal of the case under the claim of a legal right. The defendant did not ask any favor of the

plaintiff, and proceeded regardless of his assent or dissent to the proceeding.

We, therefore, think the bond was invalid as being wholly without consideration. Assuming, however, that the bond was given upon a sufficient consideration, we are of the opinion that no breach of its condition has been shown, and that the Court of Common Pleas has never rendered judgment in the action against the defendant. Admitting that the Court of Common Pleas had jurisdiction of actions for claim and delivery, it does not appear that they ever acquired jurisdiction of the person of the defendant. No process of that court was ever served upon him, and he never in any manner appeared in the action after its attempted removal to that court. The bond was conditioned to pay any judgment that the Court of Common Pleas should render against the defendant. This clearly implies that it should be a valid judgment and not the expression of an ineffectual opinion. A decision, which it had no authority to make, lacks all of the essential qualities of a judgment. As we have heretofore seen the Court of Common Pleas acquired no jurisdiction from the order of the District Court, and it acquired none by any subsequent proceedings. That court could not, therefore, render a judgment in that action.

The appellant also claims that the defendants should be precluded from raising the questions as to the invalidity of this bond because they have not been raised, by answer. It will be observed that the questions raised, all appear on the face of the complaint, and lie at the foundation of the action. In any view that we can take of the case no cause of action was stated in the complaint.

The subsequent appearance of the plaintiff, in the action in the Court of Common Pleas adds nothing to the force of the bond, for the obligation executed by the sureties was either legal when the contemplated action had been taken upon it, or it was then void. The parties to the action could not, by subsequent voluntary action or agreement, create a considera-

tion for an undertaking as against sureties, which had no existence at the time of its execution. · While it may be assumed that the parties intended to execute an instrument which should be effectual to remove the case to the Court of Common Pleas, we have no authority to say, they intended thereby to leave it optional with the plaintiff to remove it, or not, as he should afterwards elect.

Finally it is claimed that the defendant is estopped from disputing the jurisdiction of the Court of Common Pleas by the recitals in the undertaking, and that he thereby admits that it did or would acquire jurisdiction by the order of removal. We do not see what recitals there are in this instrument which affirm such a fact or estop the sureties from availing themselves of the insufficiency or invalidity of the instrument. It may be inferred from the language of the bond that the defendant intended to claim, that by filing such a paper and moving the court to transfer the case, he had, under the act of 1857, the right to have the case removed into the Court of Common Pleas, but there is no recital therein which he now controverts, and none which he directly affirms either as fact or opinion At the strongest, what was then said, amounted only to an inference as to what was the defendant's opinion, and this, honestly entertained and expressed, cannot be the basis of an estoppel or a contract. The authorities cited by the counsel for the appellant, to the effect that parties to an undertaking are bound by the recitals therein contained, are quite inapplicable to this case, for there are no recitals in this instrument which it is now necessary for him to controvert.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.