## WALKER *v.* FETZER.

Opinion delivered February 29, 1896.

ATTACHMENT—LIEN OF OWNER OF MALE ANIMAL—BOND.—In an action to enforce the lien of the owner of a stallion on a mare served, under Sand. & H. Dig. secs. 4811, 4812, (requiring the justice, when the claimant has filed a statement of his claim, to order the mare to be held subject to the order of the court), a bond given by the plaintiff to procure the order of seizure is unauthorized, and creates no liability against the surety.

WRONGFUL ATTACHMENT—ESTOPPEL.—The owner of attached property is not estopped to claim damages for its wrongful seizure and sale under attachment by being present at the sale and consenting that the balance of the proceeds, after satisfaction of the judgment and costs, shall be applied on a mortgage held by the attaching creditor.

Appeal from Independence Circuit Court.

JOHN B. McCALEB, Judge, (on exchange of circuits with HON. RICHARD H. POWELL, J.)

## STATEMENT BY THE COURT.

It appears that appellant, W. C. Walker, instituted proceedings before a justice of the peace to recover the sum of eight dollars for the services of a stallion, and to enforce a lien for same on the mare served. Walker made before the justice the following affidavit: "The plaintiff, W. C. Walker, states on oath that the defendant, James Fetzer, is justly indebted to him in the sum of eight dollars for services rendered by a male horse kept by Huse Moore, in the year 1891, to one gray mare owned by the defendant, James Fetzer. The said sum is due and unpaid, and said W. C. Walker prays for an attachment to enforce the lien on said mare. [Signed]. W. C. WALKER." . Walker made application for a writ of attachment, and filed with the justice this bond: "We undertake and are bound to the defendant, James Fetzer, in the sum of $75, that the plaintiff, W. C. Walker, will prove his debt, and the lien claimed in the action entitled above, in a trial at law, or that he will pay such damages as shall be adjudged against him if the action is wrongfully obtained. [Signed]. W. C. WALKER. E. C. EDWARDS." The attachment was issued, and the mare taken from the possession of Walker. On trial before the justice the attachment was sustained, and the mare was sold. But on appeal to the circuit court the attachment was dissolved, and the suit dismissed.

Appellee then brought suit against appellants before a justice of the peace, alleging that appellants had "illegally seized his mare, and had caused her to be sold, depriving appellee wholly of the said mare, and the benefit of her services," etc., to the damage of appellee in the sum of one hundred dollars, for which he asked, and afterwards obtained, judgment. On appeal to the circuit court, appellee filed an amended complaint, in which he set forth the attachment proceedings *supra*, and claimed that he had been damaged by reason of the

wrongful suing out of the attachment in the sum of one hundred and twenty-five dollars, and asked judgment against appellants on their bond for that amount. A motion was made to strike the amended complaint, but the record does not show that it was ever passed upon by the court. The defense was oral, being a general denial of liability. The trial resulted in a verdict and judgment for appellee in the sum of thirty-six dollars, which appellants seek to reverse by this appeal.

*W. B. Padgett* and *Yancey & Fulkerson* for appellants.

1. The bond was a nullity. The statute does not authorize nor contemplate a bond. Sand. & H. Dig. secs. 4811, 4812–13–14. If unauthorized by law, it is void, and will not be enforced. 34 Ark. 530. No case was made against appellants, and this court should reverse. 56 Ark. 53.

2. If the appellee had any remedy, it was against the constable who took the mare from him, after he gave a retaining bond. Sand. & H. Dig. sec. 4814. If the complaint failed to state a cause of action, the defect is not cured by the evidence. These questions may be raised here, although not raised in the court below. 49 Ark. 278; 44 *id.* 202.

3. The former suit was the proper time to adjudicate the question of damages. An independent action upon the attachment bond would not lie. 34 Ark. 707; 37 *id.* 614; 55 *id.* 622; Sand. & H. Dig. sec. 362. One trial should settle all questions as to the debt of plaintiff and damages of defendant. 34 Ark. 707; 55 *id.* 622.

*H. S. Coleman* for appellee.

1. The validity of the bond was not raised below, and cannot be raised in this court for the first time. 30 Ark. 25.

2. There is no allegation in the complaint as to the bond here referred to. Nothing was said about it in the defense, except in Fetzer's testimony, when he says, "I gave bond, and kept her about one week." The question of the retention bond cannot be raised here for the first time. Cases *supra*; 44 Ark. 202; 49 *id.* 277.

3. The contention that the damages should have been assessed in the former suit is not sustained by the cases cited. 34 Ark. 707. In this case there was no trial. The suit was dismissed on motion of defendant.

*Validity of unauthorized bond.* WOOD, J., (after stating the facts). The amended complaint showed no cause of action against appellants on the bond. The statute giving to the owner of any male animal kept for the propagation of species a lien upon the female animal which has been served by the male, for the sum contracted for such service, nowhere provides for the filing of a bond as a prerequisite for the enforcement of such lien. On the contrary, where the owner files with a justice a written statement, duly verified, setting forth the amount of his claim, his cause of action, and a description of the animal upon which he has a lien, it is the duty of the justice to issue an order to the constable to take the animal and hold it subject to the order of the court, without requiring the filing of a bond. Sand. & H. Dig. secs. 4811–12. The bond was unauthorized, without consideration, and void. The judgment of the court against appellants on this bond was *coram non judice*, and void. *Williams* v. *Skipwith*, 34 Ark. 529. It is not contended, and is nowhere shown, that appellant Edwards had anything to do with taking the mare from appellee, except the mere signing the attachment bond. As to him therefore the judgment is reversed, and the cause dismissed.

As to appellant Walker, although somewhat loosely and defectively stated, the allegations of the amended complaint, if sustained by the proof, would

justify a verdict and judgment against him as for a trespass or tort. In other words, the complaint shows that upon the application of Walker a writ of attachment was issued by the justice, under which appellee's mare was seized and taken from his possession, and afterwards, by order of the court, sold, and alleges that said mare was worth seventy-five dollars, and that appellee was damaged in the loss of the use of his mare, and in expense incurred in defending the attachment, in the sum of twenty-five dollars, and that his whole damage was one hundred dollars. There was evidence to support the verdict. The jury might have found from the testimony of appellee that the mare, at the time she was taken from him, was worth seventy-five dollars. The mare was sold under the attachment proceedings for forty dollars and fifty cents. The appellee got the benefit of this amount in a credit on his mortgage, and in satisfaction of a judgment against him. It was near sixteen months from the time the mare was taken from appellee till the rendition of the judgment in this case in the lower court. It was in evidence that the use of the mare was worth four or five dollars per month to appellee. Subtracting the forty dollars and fifty cents which the mare brought at the sale, from the seventy-five which the jury might have found her to be worth, leaves thirty-four dollars and fifty cents, and the interest which the jury might have given appellee would more than make the difference between this and the thirty-six dollars, the amount of their verdict.

The fact that appellee was present at the sale, and consented that the residue of the amount for which the mare sold, after the satisfaction of the judgment and cost against him, should be applied on a mortgage to his creditor, did not estop him from maintaining this suit against appellant Walker for damages caused by him in

*As to estoppel to sue for wrongful attachment.*

the illegal seizure and sale of the mare. The title of the purchaser at the sale under the attachment was in no manner brought in question by this proceeding. The court therefore was correct in refusing an instruction which told the jury, in substance, that, if they found the above to be the fact, they should find for the defendants.

Other questions were raised in the motion for new trial, but have not been insisted upon here, and it is unnecessary to discuss them.

The proof justified the jury in concluding that appellee's mare was taken and sold under an illegal attachment sued out by appellant Walker. Therefore the judgment as to him is affirmed.