JACKSON v. PUGET SOUND LUMBER CO. et al.

S. F. No. 928; April 8, 1898.

52 Pac. 838.

Court Commissioners.—An Order was Made Transferring an Action "to W., court commissioner of this court, for an accounting; said court commissioner to report back to this court the evidence taken, and the balance found due." Held, that this was a reference to the court commissioner officially, and not as referee.

Court Commissioners.—The Powers of Court Commissioners as prescribed by Code of Civil Procedure, section 259, cannot be enlarged by consent.

APPEAL from Superior Court, Fresno County; E. W. Risley, Judge.

Action by Alex. Jackson against the Puget Sound Lumber Company and another. From a judgment in favor of plain-

tiff, entered upon the report of a court commissioner, defendants appeal. Reversed.

L. L. Corey for appellants; Geo. E. Church for respondent.

CHIPMAN, C.—This action was for money had and received. Defendants denied all indebtedness, and set up a counterclaim alleging that plaintiff was indebted to defendants for goods, wares and merchandise. When the case came on for trial the court made the following consent order: " . . . . That this action be, and it is hereby, transferred to Stuart S. Wright, Esq., court commissioner of this court, for an accounting; said court commissioner to report back to this court the evidence taken, and the balance found due on said accounting." The parties appeared before the commissioner, and introduced evidence; all objections thereto, of which there were several, being reserved and not passed upon by him. After the evidence was concluded and submitted, and before his decision or report, he tendered his resignation as court commissioner, which was accepted. Some time thereafter he filed his findings of fact and conclusions of law, and found a balance due plaintiff from defendants of $1,300, with interest and costs. Upon the filing of the report and findings of the commissioner, and the same day, the court ordered judgment entered "in accordance with the findings of the referee" (sic); and thereafter, without notice to defendants, the clerk entered judgment against them for $1,603 and costs. Defendants in due time filed objections to the report on the grounds: (1) Insufficiency of the evidence; (2) that at the time the report and findings were filed the commissioner had ceased to be such officer. And defendants further "excepted to certain errors of law occurring at the trial before said commissioner, and excepted to, as shown by the record of the proceedings had and testimony taken before said commissioner, transcript of which was also filed by said commissioner at the time of filing said report with the clerk." Defendants also moved the court to vacate and set aside the report and the judgment for various reasons, one of which was that the commissioner, being a judicial officer and having resigned his office, had no authority to take any steps in the matter subsequent thereto. In the opinion filed by the court it was held that the order of reference was to Wright as a referee, and not as court

commissioner, and therefore it was immaterial whether he resigned his office of court commissioner or not. The court held that the referee went beyond his instructions in filing "findings and conclusions of law," as he was only directed "to find the amount due on said accounting"; and, as the judgment was based on these findings and conclusions, the court set it aside, and held that he would treat the findings as part of the report, and part of the direction "to find the balance due," and as to all other matters in the findings he would disregard them. Later on, plaintiff's attorney gave notice that he would present to the court, "for his signature, findings of fact in the above-entitled action, copy of which is hereto annexed, and ask for judgment accordingly." The matter came on for hearing at that time, and the court adopted the proposed findings and conclusions of law, and entered judgment for plaintiff for $1,300, the amount found by the commissioner or referee to be due. The findings follow those of the commissioner, adding one covering the issue presented by the defendants' counterclaim.

Respondent suggests that appellants had an opportunity at this hearing to submit further evidence, and, not having done so, cannot complain. But the court distinctly adopted the report as to the balance found by the commissioner, and stated that it was only as to other matters that the parties might "take such further steps as they may be advised." The vital issue was this very balance which the court held was concluded by the reference. It cannot be doubted but that the trial court took the correct view of the powers of a court commissioner. Such commissioner has no authority to take proof, and report his conclusions thereon, as to any issue of fact raised by the pleadings, and such issue was so presented in this case: Code Civ. Proc., sec. 259, subd. 2. The commissioner must look alone to the statute for his power to act: Quiggle v. Trumbo, 56 Cal. 626. Nor could the authority or jurisdiction be conferred upon him as such commissioner by consent. The action was "transferred to Stuart S. Wright, court commissioner of this court; *said court commissioner* to report back to this court," etc. In the opinion filed by the trial judge the above words in italics were omitted, and apparently overlooked, in giving a construction to the order. It seems to us, while it might be held, as the learned trial judge held, that the words "court commissioner," where the first

occur, were descriptio personae, we cannot so hold when we consider the language used later on in the order; for the direction is that said "court commissioner"—the officer, not said Wright, the individual—shall report back to the court. At the hearing before the commissioner, objections were made to evidence, and exceptions reserved. The commissioner, speaking of objections, said, "I am not passing on them, and let all objections go to the court." A deposition was read before him, and it was stipulated that all objections were to be presented to Judge Harris, to rule upon the deposition, when the matter came before him. It is probable that Judge Harris made the order of reference, while the matter was heard finally before Judge Risley. It seems to us that if Wright was a referee, with direction to report the balance found to be due, it became his duty, under such direction, which embraced the real issue presented by the pleadings, to pass upon all objections raised at the hearing before him, and he should have made findings and conclusions of law as showing the basis of his balance found to be due: Code Civ. Proc., sec. 643. However this may be, the fact is that the report was made by a court commissioner, and the reference was made to him in his official capacity; and it was error to treat it as the report of a referee, and to adopt the balance found by him as conclusive upon the court. The utmost that the court could do, under the circumstances, was, with the consent of all parties, to try the case on the evidence reported; and this may still be done, if the parties are so minded, or with the right to either party to introduce further testimony. As the commissioner exceeded his powers, it becomes immaterial whether he reported before or after his resignation. It should be observed that the order of reference, considered as made to a referee, is not free from obscurity. The court referred to it as made under section 639; but that section relates to orders made by the court without the consent of the parties, while the order shows that it was a consent reference, and was probably intended to come within the provisions of section 638. Defendants apparently regarded the reference as made to the court commissioner, under section 259, while plaintiff and the commissioner seem to have regarded it as something different from the view taken by the court or defendants. We are unable to discover any theory upon which the proceedings can be upheld, and therefore recommend that the judg-

ment and order be reversed, with leave to the parties to proceed further as they may be advised.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed, with leave to the parties to proceed further as they are advised.