[S. F. No. 10744. In Bank.—November 13, 1925.]

CHARLES W. TAYLOR, Trustee in Bankruptcy, etc., Appellant, v. JOHN EXNICIOUS et al., Defendants; THE AETNA CASUALTY AND SURETY COMPANY (a Corporation), Respondent.

[1] RECEIVERS—VOID ORDER OF APPOINTMENT—JURISDICTION.—If the superior court has no jurisdiction to appoint a receiver in an action by a stockholder against the corporation, the appointment is in excess of its jurisdiction and void.

[2] ID.—LIABILITY OF SURETY.—A surety upon a bond given pursuant to or in compliance with an order of court or pursuant to a statute becomes such in contemplation of a valid order or valid statute,

1. See 7 Cal. Jur. 585; 7 R. C. L. 1031.
2. See 22 Cal. Jur. 484.

and not otherwise; and if the order appointing a receiver in an action by a stockholder against the corporation be void, a material consideration for the execution of a bond given pursuant to and in compliance with such order has failed, and the surety cannot be held upon it.

(1) 34 Cyc., p. 168, n. 42.    (2) 34 Cyc., p. 506, n. 55.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edwin H. Williams for Appellant.

Redman & Alexander for Respondent.

WASTE, J.—Plaintiff, as trustee in bankruptcy of the Goewey Investment Company, a corporation, brought an action to recover certain sums of money, together with interest, from the defendant Exnicious, as receiver of the investment company, and the Aetna Casualty and Surety Company, as surety on the receiver's bond. The allegations of the complaint, in substance, are that in an action brought by a stockholder against the Goewey Investment Company the superior court purported to make its order appointing Exnicious as receiver of the company, but that the court had no jurisdiction in the action, "and that said order was and is in excess of the jurisdiction of said court and utterly void and of no effect." The Aetna Casualty and Surety Company executed a receiver's bond for Exnicious in the usual form in the sum of $25,000. Thereupon, Exnicious, assuming to act as receiver under the order of the court, seized the assets and business of the investment company, and retained possession thereof until he turned part of the property over to the plaintiff, who had in the meantime been appointed trustee in bankruptcy upon an adjudication that the investment company was bankrupt. While in possession of the property of the investment company, Exnicious received certain sums of money which he has refused and neglected to turn over to plaintiff. During the same period, he oper-

ated the business of the company at a net loss, and depleted its capital assets to the extent of $7,758.78. The prayer of the complaint is that plaintiff have judgment against Exnicious and his surety for the last-mentioned sum, with interest and costs of suit, and for such other and further relief as may be meet and equitable in the premises.

A demurrer to the complaint interposed by the defendant Exnicious was overruled, and he was given time to answer. The demurrer of the defendant Aetna Casualty and Surety Company was sustained. The plaintiff failing to amend, his default and judgment in favor of the defendant Surety Company and against him were entered. Thereupon plaintiff appealed.

The real question in the case is that presented by the demurrer of the respondent Surety Company in the court below, and urged by it on appeal, that the complaint does not state a cause of action against it because of the specific allegation that the superior court had no jurisdiction in the action to make the order appointing the receiver, and that the order was and is in excess of the jurisdiction of the court, and utterly void and of no effect. Its contention is that as the court had no jurisdiction to appoint the receiver, or to require the bond, the order was invalid, there was no consideration for the execution of the bond, and the surety cannot be held upon it. [1] It cannot be successfully denied, of course, that, if the superior court had no jurisdiction to appoint a receiver, the appointment was in excess of its jurisdiction, and void. (*Sullivan* v. *Gage,* 145 Cal. 759, 768 [79 Pac. 537].) The appellant contends, notwithstanding, that it makes no difference, so far as the question of substantive law is concerned, whether the order for the appointment of the receiver was irregular, in the sense that the defect was not jurisdictional, or whether the defect reached to the jurisdiction of the court. He contends for a general rule, that the sureties on a bond given by a designated officer or fiduciary, to enable him to exercise the functions of his office, will not be relieved from liability on the bond because of the invalidity of the appointment. While there are cases from other jurisdictions which appear to follow the rule contended for by appellant, this court has consistently adhered to a different doctrine. It was held at a very early date that a bond exacted by a court which had no authority

to require it was void. (*Benedict* v. *Bray,* 2 Cal. 251, 255 [56 Am. Dec. 332]; see, also, *People* v. *Cabannes,* 20 Cal. 525.) In a much later case action was brought upon the official bond of a receiver. It appeared from the complaint that the appointment was made by a court commissioner, instead of by the court or judge. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and, the plaintiff failing to amend, judgment went for the defendant. On appeal, this court held that as the court commissioner had no jurisdiction to appoint a receiver, the bond given by the receiver was void, and affirmed the judgment. (*Quiggle* v. *Trumbo,* 56 Cal. 626.) In *Coburn* v. *Townsend,* 103 Cal. 233, 235 [37 Pac. 202], it was held that bonds exacted and given under an unconstitutional provision of the code were void, and a recovery could not be had against the sureties. (See, also, *City and County of San Francisco* v. *Hartnett,* 1 Cal. App. 652 [82 Pac. 1064].) In *Reay* v. *Butler,* 118 Cal. 113, 115 [50 Pac. 375], it was held that a bond purporting to stay execution, but not given in a case provided by the statute, was void, and the sureties were not liable. (See, also, *McCallion* v. *Hibernia S. & L. Soc.,* 98 Cal. 442 [33 Pac. 329].) **[2]** We take it, therefore, to be the well-settled law of this state that a surety upon a bond given pursuant to an order of court or pursuant to a statute becomes such in contemplation of a valid order or valid statute, and not otherwise. If the order appointing the receiver be void, a material consideration for the execution of the bond has failed, and the surety cannot be held upon it. The same rule holds in many other jurisdictions. (See *Conant* v. *Newton,* 126 Mass. 105; *Mittnacht* v. *Kellermann,* 105 N. Y. 461 [12 N. E. 28]; *Olds* v. *State,* 6 Blackf. (Ind.) 91; *Alexander* v. *Silbernagel,* 27 La. Ann. 557; *Walker* v. *Fetzer,* 62 Ark. 135 [34 S. W. 536]; Alderson on Receivers, p. 188; 34 Cyc. 505, 506; 9 C. J., pp. 27–29.)

The condition and obligation of the bond in the instant case is that ''whereas, an order was made on the 26th day of June, 1919, by the Superior Court of the City and County of San Francisco, State of California, appointing the above named principal receiver in the above-entitled cause, and requiring that a bond be executed by said receiver in the sum above named; Now, therefore, if the said John Exnicious, as

such receiver, shall faithfully perform the duties of his office, according to law and the orders of said court, then this obligation to be void, otherwise to remain in full force and effect.'' The bond is squarely predicated upon and is given in compliance with an order which the court had no jurisdiction to make. In *Shaughnessy* v. *American Surety Co.,* 138 Cal. 543 [69 Pac. 250, 71 Pac. 701], a contractor's bond recited that it was given pursuant to section 1203 of the Code of Civil Procedure, requiring contractors for the erection of buildings to secure their contracts by bonds. The section was declared unconstitutional and the bond was held to be void. The contention that the bond might be considered a common-law undertaking was denied consideration. In *Loop Lumber Co.* v. *Van Loben Sels,* 173 Cal. 228, 235 [159 Pac. 600], the court held that as the legislative act requiring the giving of the bond in suit was ineffectual for that purpose, the bond was without consideration and void.

The appellant has cited a number of cases, for the most part from other jurisdictions, but they do not overcome the weight of authority supporting the rule which prevails in this state. *Baker* v. *Bartol,* 7 Cal. 551, is not in point. In that case application was made to a court, having jurisdiction, for the appointment of a receiver. In order to avoid that being done, the defendant consented to the court making an order requiring him to give a bond to secure his accounting for the property in his possession. Such a bond was given, and in a subsequent action against the sureties the court held that the bond was executed as a voluntary act on the principal's part, based upon a good consideration, and was good as a common-law obligation. So, in *Smith* v. *Fargo,* 57 Cal. 157, 159, an attachment bond did not conform to the requirement of the statute, but was given voluntarily upon a sufficient consideration, and was held good as a common-law bond. We deem it futile to further discuss the authorities relied upon by appellant. Those from other jurisdictions will be found collected in the citations contained in an extensive note in 18 A. L. R. 274. No California case is there cited, and we have found none which in our opinion supports the position of the appellant.

The conclusion we have reached on the main issue presented by the appeal renders it unnecessary to consider the

other points relied upon by respondents to further support the action of the court below.

The judgment is affirmed.

Lawlor, J., Richards, J., Shenk, J., Seawell, J., Lennon, J., and Myers, C. J., concurred.