[Civ. No. 6433. First Appellate District, Division One.—March 28, 1930.]

AETNA CASUALTY AND SURETY COMPANY (a Corporation), Respondent, v. JOHN EXNICIOS, Appellant.

Frank L. Guerena for Appellant.

James M. Wallace and Lovell & Lovell & Wallace for Respondent.

THE COURT.—Appellant, in an action filed in the Superior Court in and for the City and County of San Francisco, numbered 94,314, and entitled "Charles H. Goewey, Plaintiff, *v.* Herbert Goewey and Goewey Investment Co., a Corporation, Defendants," was duly appointed receiver of the property of the corporation. Following the order he filed a qualifying bond which was furnished by the respondent surety company. He entered upon his duties and during the period of his active receivership was paid by order of the court certain sums as fees for his services and those of his attorney. Subsequently the investment company was adjudged a bankrupt and its property was surrendered by the receiver to the trustee in bankruptcy. Thereafter the trustee brought suit in the above Superior Court against appellant and respondent Surety Company to recover the amount received as fees by appellant and his attorney and for a further sum alleged to have been lost while the business of the investment company was being conducted by the receiver. The action last mentioned was numbered 129,253 and entitled "Charles W. Taylor, Trustee in Bankruptcy for the Goewey Investment Co., a Corporation, a Bankrupt, Plaintiff, *v.* John Exnicios and Aetna Casualty and Surety Company (a Corporation), Defendants." The complaint alleged that the Superior Court was without jurisdiction to appoint appellant receiver of the investment company and that the order was consequently void. A demurrer filed by appellant was overruled, and after a trial upon the merits a judgment, which has become final, was rendered in appellant's favor. Respondent Surety Company also demurred to the complaint, and its demurrer was sustained. Following this ruling judgment was entered therein in its favor and was affirmed on appeal (*Taylor* v. *Exnicious,* 197 Cal. 443 [241 Pac. 397]). The trustee in the action last mentioned sought to hold the Surety Company liable upon the bond for the portions of the estate of the bankrupt alleged to have been unlawfully received and lost by appellant, it being his contention that notwithstanding the allegation that the order of appointment was void, the bond having been given to enable appellant to exercise the func-

tions of the office, the surety was not relieved from liability thereon because of the invalidity of the appointment. The court held, however, that if the order of appointment was void as alleged a material consideration for the execution of the bond had failed and the same was unenforceable; consequently that the demurrer of the Surety Company was properly sustained (*Taylor* v. *Exnicious, supra*).

Appellant in his application for the bond in question, wherein he is designated as the indemnitor, agreed as follows:

"That the indemnitor will perform all the conditions of said bond on the part of the indemnitor to be performed, and will at all times indemnify and keep indemnified the surety from any and all damages, loss, costs, charges and expenses of any kind or nature whatsoever, which it may at any time sustain or *incur by reason of its suretyship,* and will pay over to the surety, its successors or assigns, all sums of money which may be paid by or for the surety, or which it may become liable to pay by reason of such suretyship. Counsel and attorney's fees, whether incurred under retainer or salary, or any other expense incurred by the surety at any time in any litigation, investigation, collection of premiums due on this bond, or in seeking its discharge as surety, shall be deemed a proper charge or expense within the meaning of the preceding sentence, and the surety is hereby authorized to prove such costs or expenses in any action or proceeding against the indemnitor, and include the same in any judgment or decree which may be recovered against said indemnitor, and the company may bring as many actions hereupon as there are defaults, the recovery of each judgment not to be a bar to the recovery of any other judgment. That in any accounting which may be had between the indemnitor and the surety the surety shall be entitled to credit for any and all disbursements in and about the matters herein contemplated, made by it."

The condition of the bond was that "If the said John Exnicios as such receiver shall faithfully perform the duties of his office according to law and the orders of said court, then this obligation to be void; otherwise to remain in full force and effect." The present action is one to recover from appellant sums expended by respondent Surety Company for attorney's fees in the defense of the action brought

against it by Taylor, the trustee, and for like fees a liability for which it has incurred in the prosecution of the present action.

The trial court found for respondent and entered judgment accordingly.

Appellant claims that the attorney's fees expended by respondent in the action brought by the trustee were not an expense sustained or incurred as provided in the application for the bond, and that consequently he is not liable therefor nor for attorney's fees in the present action.

In support of this contention it is urged that the agreement to save the Surety Company harmless from all damages, loss, costs, charges or expenses of any kind or nature which it might sustain by reason of its suretyship can only refer to such expenses, etc., sustained or incurred by reason of its guaranty that the receiver would faithfully perform the duties of his office; that the suit by the trustee did not involve the question of the failure of the receiver to faithfully perform the duties of his office, and that consequently the surety was not sued and did not defend by reason of its suretyship.

As stated, the object of the trustee's suit was to recover funds of the bankrupt's estate to which, it was claimed, the receiver, owing to the invalidity of his appointment, had no right; and it was also sought to hold respondent liable therefor upon its bond. While, as the court held, if the order of appointment was void as alleged, no action would lie as against the respondent Surety Company, nevertheless the trustee sought to hold it responsible "by reason of its suretyship" and upon no other ground. This being true the surety was clearly entitled under the terms of its contract with appellant to recover the expense incurred in the litigation, notwithstanding the complaint as against it was legally insufficient. The liability of appellant for attorney's fees in the present action, in case the right of respondent to recover in the above particulars is sustained, is undisputed. We agree with the conclusions of the trial court, and the judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 26, 1930, and a

petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 26, 1930.