McGowen *v.* Deyo.

Same Term.     *Before the same Justices.*

## McGowen *vs.* Deyo and others.

A bond, given to a justice of the peace under the 7th section of the " act relating to excise," &c. passed May 14, 1845, which recites that penalties have been incurred—the omission of the overseers of the poor to prosecute—the intention of the principal obligor to sue in the name of the overseers—and his application to the justice for that purpose; and in which the obligors covenant with the justice, as such, to pay all costs in case the principal obligor shall fail to recover judgment, although not in conformity with the spirit of the statute, in form is valid, and will sustain an action in the name of the obligee.

Such a security will not be deemed void as having been taken by the justice *colore officii sui.*

The recovery of a judgment by the principal obligor, in the name of the overseers, in the suit prosecuted for the penalty, before the justice, can not be pleaded in bar of the right of action upon such bond; the judgment referred to in such bond not being the judgment to be rendered by the justice, but the judgment upon the final determination of the suit.

The repeal of the act of May 14, 1845, without any saving clause, does not abrogate the security for costs, given by a person prosecuting for penalties, for the indemnity of the overseers of the poor.

DEMURRER.    The facts, and the questions of law raised by the demurrers, are stated sufficiently in the opinion of the court.

*Fullerton & Fowler,* for the plaintiff.

*E. Cooke,* for the defendants.

*By the Court,* BROWN, J.    This cause comes before the court upon demurrers and joinders to the first and third counts of the plaintiff's declaration, and also upon demurrers and joinders to the third and fourth pleas of the defendant John D. Deyo.

The declaration is upon a bond, or instrument in writing, executed by the defendants to the plaintiff, one of the justices of the peace of the town of Shawangunk, in the county of Ulster, under the 7th section of the act "relating to excise and to licensing retailers of intoxicating liquors," passed May 14th, 1845. The bond recites that penalties have been incurred—the omission of the overseers of the poor to prosecute—the intention of the defendant Deyo to sue in the name of the overseers, and his application to the plaintiff for that purpose. And the defendants then covenant with the plaintiff, as such justice of the peace, to pay all costs in case the defendant Deyo should fail to recover judgment.

The defendants assert, by their demurrers to the plaintiff's declaration, that this is not such an instrument as is contemplated by the act of the legislature, and therefore no action can be maintained upon it.    The case of *Thayer* v. *Lewis,* (4 *Denio,* 269,) is quoted as authority for this position.    But it does not determine the question.    Judge Bronson there intimates what should be the form of the security, but he does not say, nor did the case under consideration require him to say, that security taken in a different form would be ineffectual.    The form of the security in this case is certainly not the best that could be devised, nor is it in conformity with the spirit of the act, for the obligee or covenantee is not the person substantially interested.    But it would be going very far to pronounce it so defective as to be utterly without force or vitality to effect the objects for which it was made.    It is a security given to the court or officer before whom the suit for the penalties was about to be instituted.    And in this respect it follows the words of the act.    It was framed and executed by the defendants themselves, and must be regarded as an act of their own, over which the overseers had no power, and with which they had, at the time, nothing whatever to do.    It is in the form chosen by the de-

McGowen v. Deyo.

fendants themselves, and unless the court is controlled in its judgment by the force of objections which can not be removed, the validity of the instrument should be maintained.   The court are unable to perceive any reason why the overseers should not have the benefit of this instrument for their protection.   Mc-Gowan, the justice, is a public officer, and so are the overseers. He may be regarded as holding the security for their indemnity, or they may avail themselves of it and prosecute it for their own, by assignment from him, or under any other just arrangment. The courts have been liberal in their interpretation of such transactions, and unless restrained by positive words, have adopted such a rule as will carry out the objects of the legislature, and the ends which the parties had in view.   (5 *Wend.* 191.   9 *Id.* 223.   12 *Id.* 306.)

There is no force in the objection that the security was taken by the justice *colore officii sui,* and is therefore forbidden by the 60th section 2 revised statutes, 214.   It was not taken for the personal benefit of the officer, and does not fall within the class of cases which the statute is designed to suppress.

The other causes of demurrer to the plaintiff's declaration are not such as affect the substantial rights of the defendants. They are objections mostly taken to the form rather than to the substance of the pleading.   The defendants can not be misled in their preparations for defence; nor at the trial, by the omissions which the demurrers point out.   Whatever might have been the effect of these causes of demurrer before the adoption of the code of procedure, they can not be regarded as of any force now.   Sections 169 and 176 of the code of procedure are made applicable to suits pending when it took effect.

The fourth plea of the defendant Deyo sets up the recovery of the judgment by him in the name of the overseers, in the suit prosecuted for the penalty before the justice, in bar of the plaintiff's right of action.   The judgment referred to in the written instrument upon which this action is brought is not the judgment to be rendered by the justice, but the judgment that should be rendered upon the final determination of the suit. This plea is therefore no answer to the cause of action con-

McGowen *v.* Deyo.

tained in the plaintiff's declaration, and within the principle laid down in the case of *Traver* v. *Nichols*, (7 *Wend.* 434,) the plaintiff's demurrer must be adjudged to be well taken.

Neither is the third plea of the defendant Deyo a sufficient answer. It assumes that the repeal of the act of May 14th, 1845, without any saving clause, abrogated the security given by a prosecutor for the indemnity of the overseers. It must be remarked that this action is not brought upon the statute, nor to recover any penalty, property or thing strictly given or created by the statute, but upon a written contract made with the justice, for the indemnity and protection of the overseers. The penalties given by the act do not survive its repeal, because they are inseparable. The one can not and ought not to outlive the other. But the security for the payment of the costs which may be incurred in the course of the prosecution, after it has been given, has no necessary connection with the statute. The statute, and the security to indemnify then, become entirely independent of each other. If the security can not survive the penalties given by the act which is repealed, there is nothing to prevent a prosecutor from persisting in his suit, in the face of the repealing statute, and thus subject the overseers to the payment of costs against their will; and that too without the means of any defence or indemnity whatever. The indemnity was provided to secure the overseers against the costs of suits prosecuted without foundation; and it extends to every supposable case where they might be subjected to costs in consequence of the failure of the prosecutor to recover judgment. When the defendants entered into the bond, they took upon themselves the hazard of a failure to recover judgment, from whatever cause it might happen—whether from a defect of proof, an oversight in conducting the proceedings, or a repeal of the law under which the penalties had been incurred.

There must be judgment for the plaintiff upon all the demurrers, with leave to the defendants to plead to those counts in the declaration demurred to, and with further leave to the defendant Deyo to plead de novo in the place of his third and fourth pleas, within twenty days, upon the payment of costs.