## WARREN SWEETSER & others *vs.* IRA HAY & others.

A bond, given by a town treasurer and collector of taxes to the selectmen of the town, for the faithful performance of his official duties, is valid at common law; and the selectmen may maintain an action upon it, for the benefit of the town.

If any demand of payment of the sum due upon a bond, given by a town treasurer and collector of taxes to the selectmen, is necessary, before commencing an action on the bond, a demand upon such treasurer, made by two of the three selectmen and the town treasurer for the time being, after said three selectmen and treasurer have been appointed by the town a committee to settle with the former treasurer, is sufficient.

ACTION OF CONTRACT on a bond executed on the 1st of September 1848, by Hay as principal, and the other defendants as sureties, to the plaintiffs, selectmen of the town of Stoneham for 1848, " or their successors in said office," in the sum of $10,000, the condition of which was, that Hay, who had been chosen collector of public taxes and treasurer of the town in March 1848, should collect and pay to the county treasurer the sums mentioned in the tax list and warrant received by him of the assessors; and pay to the order of the selectmen all such other sums of money as should come into his hands as treasurer and collector; except such taxes as could not be collected or should be abated by the selectmen. The breach assigned was, that Hay, as collector and treasurer of Stoneham, had received $10,000, which sum or any part thereof he refused to pay to the plaintiffs or their successors in office or to the treasurer of the town, although said sum had been duly demanded of him.

At the trial, as appeared by the report of the presiding judge, on which the case was submitted to the court, there was evidence of the following facts: On the 13th of November 1848 the town of Stoneham, under an article in the warrant to choose all necessary committees, voted that the selectmen be a committee to settle with the town treasurer; and on the 5th of March 1849, under a similar article in the warrant, voted to add two persons to said committee, and chose two persons accordingly. Immediately after this meeting, said committee met Hay, and examined his accounts and vouchers, and agreed with him that the amount of money of the town in his hands was $1,844.66; and reported these facts to the town at their meeting on the

19th of March 1849. At this meeting the town, under an article in the warrant to choose all necessary committees, voted that the selectmen be a committee to take the money in the hands of the town treasurer for the past year, and put it into the hands of George W. Dike, who had been chosen treasurer for 1849, and that Dike be added to said committee. Only one of the selectmen for 1849 was one of the selectmen for 1848, to whom the bond in suit was given. Immediately after this meeting, two of the three selectmen and Dike went to Hay; and one of the selectmen first demanded of Hay the amount of money, belonging to the town of Stoneham, in his hands as treasurer and collector; and Hay replied that he knew the money was due the town, but he was poor and unable to pay; and Dike then demanded the money, and Hay made a similar reply.

The arguments were had at October term 1853.

*J. G. Abbott,* for the plaintiffs. 1. This bond, though given to the selectmen, instead of to the town, as required by Rev. Sts. c. 15, is good at common law; and this suit may be maintained upon it in the name of the original obligees, for the benefit of the town. *Winthrop* v. *Dockendorff,* 3 Greenl. 156. *Kavanagh* v. *Saunders,* 8 Greenl. 428, 430. *Horn* v. *Whittier,* 6 N. H. 88. *United States* v. *Tingey,* 5 Pet. 115. *Lord* v. *Lancey,* 21 Maine, 468.

2. The demand for the balance admitted by Hay to be due, made by a majority of the selectmen, in the presence of the treasurer, who was ready to receive it, was a sufficient order of the selectmen, the refusal to comply with which was a breach of the condition. If a more formal demand could otherwise have been required, the right was waived by Hay's refusing to pay on the sole ground of inability, without objecting to the form of the demand. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 345, 346. *Underhill* v. *Agawam Mutual Fire Ins. Co.* 6 Cush. 445. *McMasters* v. *Westchester County Mutual Ins. Co.* 25 Wend. 379. Hay having converted the money to his own use, and thus put it out of his power to comply with any demand, the defendants cannot object that no demand was made. *Putnam* v. *Sullivan,* 4 Mass. 45. *Hale* v. *Burr,* 12 Mass. 86. *Frazier* v. *Cushman,* 12 Mass. 277. *Watson* v. *Phœnix*

*Bank,* 8 Met. 217. *Shearer* v. *Jewett,* 14 Pick. 234. *Webster* v. *Coffin,* 14 Mass. 196. *Cooper* v. *Mowry,* 16 Mass. 7.

*E. Buttrick,* for the defendants. 1. The bond in suit is void; inasmuch as there is no law authorizing a bond to be given to selectmen by a town treasurer or collector of taxes. Rev. Sts. *c.* 8, § 44; *c.* 15, § 58. *Stevens* v. *Hay,* 6 Cush. 229. In *Horn* v. *Whittier,* 6 N. H. 88, cited by the plaintiffs, the bond was given to the selectmen " for the use of the town."

2. But if the bond be valid at common law, this action cannot be maintained; for no legal demand was made on Hay, which is a condition precedent to the right of action. *Simpson* v. *Routh,* 2 B. & C. 682. *Davis* v. *Cary,* 15 Ad. & El. N. R. 418. The selectmen and treasurer for 1849 were strangers to the bond, and had no authority to call the defendant to account; nor had they such authority as a committee of the town; for the defendants by this bond bound themselves to the plaintiffs only, and not to the town or its committee. Besides; the demand was of no effect, because made only by three of the four persons constituting the committee, and it does not appear that the absent one had had notice of the meeting at which it was made. *Damon* v. *Granby,* 2 Pick. 345. *Kupfer* v. *South Parish-in Augusta,* 12 Mass. 185. Paley on Agency, (3d Amer. ed.) 177 *& note.*

METCALF, J. It has been decided that the successors in office of these obligees cannot maintain an action on this bond. *Stevens* v. *Hay,* 6 Cush. 229. A question, which was then left open, is now raised; to wit, whether an action can be maintained on it by the obligees themselves. It is argued for the defendants, that the bond is void, because no law requires or authorizes a bond to be given to selectmen by a town treasurer, or a collector of taxes; the Rev. Sts. *c.* 15, requiring such treasurer and collector to give bond to the town. On the other hand, it is insisted for the plaintiffs, that the bond, though not made conformably to the statute, is valid by the common law; it having been executed voluntarily, and containing the conditions which would be proper in a bond given to the town. And this position of the plaintiffs is sustained by authority.

In New Hampshire, where a statute, as here, directs that a collector's bond shall be given to the town, it has been decided that his bond, given to the selectmen, was valid at common law; and they maintained an action on it. *Horn* v. *Whittier*, 6 N. H. 88. A bond of the receiver of the school funds in Tennessee, which the law required to be given to the super-intendent of public instruction, was held valid, though given to the governor. *The Governor* v. *Allen*, 8 Humph. 176. And bonds, which the laws of North Carolina and Kentucky directed to be given to the governor and his successors in office, were held to be valid, though given to the justices of a county. *Vanhook* v. *Barnett*, 4 Dev. 268. *Justices of Christian* v. *Smith*, 2 J. J. Marsh. 472. The principle on which these cases were decided has been frequently recognized by our own court, although we do not find that it has ever been applied, by a judgment, to a case precisely like the present. In 1797, a bond was given to a judge of probate, by an heir to whom the whole of his ancestor's real estate was assigned, pursuant to *St.* 1783, *c.* 36, § 5, conditioned to pay to his co-heirs their proportionable shares of the true value of that estate. A suit on the bond, brought in this court, was dismissed, on the ground that the judge of probate was not required nor authorized by the statute to take the bond; that it was an extra-official and not a probate bond; and therefore that *this court* had not original jurisdiction of a suit on it. But Parker, C. J. said: " No objection is made to the validity of the bond. It is undoubtedly good at common law; for the obligor has by his deed consented to make the obligee trustee for the persons interested in the sum secured." *Thomas* v. *White*, 12 Mass. 369. And there are many cases where bonds, which statutes prescribe to be given with certain conditions, or with certain penalties, have been decided to be valid, though taken with different conditions, or with different penalties; provided they contain no condition contrary to those which are prescribed, or contrary to law. *Morse* v. *Hodsdon*, 5 Mass. 314. *Kavanagh* v. *Saunders*, 8 Greenl. 422. *McGowen* v. *Deyo*, 8 Barb. 340. *Claasen* v. *Shaw*, 5 Watts, 468. *Freeman* v. *Davis*, 7 Mass. 200. *Burroughs* v. *Lowder*, 8 Mass. 373.

*Treasurers* v. *Bates*, 2 Bailey, 376. The case of *Purple* v. *Purple*, 5 Pick. 226, where a replevin bond was held void, which was given to the officer who served the writ, instead of the defendant in replevin, was decided on the ground that it was an unlawful bond; its purpose and effect being to aid in the commission of a trespass. Whether that decision was correctly made or not, the reason assigned for it is not applicable to the case at bar. There can be no pretence that these defendants' bond was given in aid of any unlawful purpose.

Actions have been supported on bonds which no law required, when they were executed voluntarily, and with proper conditions, to secure the performance of official duty. *Postmaster General* v. *Rice*, Gilpin, 554. *Montville* v. *Haughton*, 7 Conn. 543. *Commonwealth* v. *Wolbert*, 6 Binn. 292.

Our opinion is, that the bond in suit is valid; that the defendants have made the plaintiffs trustees for the town of Stoneham; and that the plaintiffs are entitled to maintain this action, for the benefit of the town. And we are also of opinion, that if any demand was necessary, before commencing the action, the demand which was made was sufficient.

The plaintiffs will take judgment for the penalty of the bond ; and the sum for which execution is to issue will be ascertained by an assessor.

The case was accordingly referred to an assessor, who reported that execution should issue for the sum of $1,844.66, the amount found due on the examination of Hay's accounts by the committee of the town. Exceptions were taken to his report, in certain matters of fact, and also on the ground that said sum included money received by Hay between the times of his election and giving bond. But THE COURT, without deciding whether the bond made the defendants liable for any breach of its condition, committed by the collector before the day of its date, were of opinion that it sufficiently appeared from the assessor's report that the deficit of $1,844.66 was caused by the default of the collector subsequently to the date of the bond; and ordered execution to issue for that sum and interest.