Daniel G. Thompson, as Receiver, etc., of Augustus Baus & Co., a Domestic Corporation, Respondent, *v.* John Denner and Maria Ann Brundage, Appellants.

*Bond — given by a* de facto *receiver of a corporation — the sureties thereon estopped from insisting that he was not a receiver — competency of a judgment roll upon an accounting by such* de facto *receiver to his successor.*

A petition for the voluntary dissolution of a corporation, under which a receiver was appointed and a bond was given by him, was thereafter adjudged to be insufficient and the appointment of the receiver was annulled. Thereafter, in an action by the Attorney-General, another receiver was appointed, who brought an action against the sureties on the bond of the first receiver to compel a delivery of the assets of the corporation.

*Held,* that the right to appoint a receiver for the corporation having existed, although it was attempted to be exercised at a time not sanctioned by law, the appointment of the receiver in the proceeding for a voluntary dissolution had colorable authority;

That the first receiver, by intruding himself into the office and assuming its duties, became receiver *de facto,* and that his sureties having voluntarily, without any mistake or misapprehension, executed the bond for the purpose of enabling him, under his alleged appointment as receiver, to take possession of the assets of the corporation, were estopped by the recitals therein from denying his appointment as receiver;

That a judgment roll, in a proceeding to compel an accounting by the first receiver, in which he was directed to pay over certain moneys to the second receiver, while it might not be evidence as against the sureties as to the amount of money which had been received by the first receiver, was competent evidence for the purpose of showing a breach of the condition of the bond.

Appeal by the plaintiff, Daniel G. Thompson, as receiver, etc., of Augustus Baus & Co., a domestic corporation, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 13th day

of December, 1894, upon the report of a referee dismissing his complaint.

*William S. Cogswell,* for the appellants.

*E. I. Spink* and *R. M. Martin,* for the respondent.

VAN BRUNT, P. J.:

On the 12th of October, 1887, a majority of the trustees of the corporation of Augustus Baus & Co. presented a petition for the voluntary dissolution of said corporation on the ground of its insolvency, and upon the same day an order was made by the court appointing one Gustavus Baylies, Jr., receiver of all the stock, property, things in action and effects of the corporation, of every name and nature, with the usual powers and duties according to the laws of this State, upon his executing and acknowledging a bond to the People, etc., in the penal sum of $30,000 with two or more sureties conditioned for the faithful discharge of the duties of the receiver and for the due accounting for all moneys or property received by him as such receiver, which bond was to be approved, etc. The receiver was directed in said order upon the filing of the bond to proceed forthwith to collect and receive the debts, demands and other property of said corporation, and to preserve the property and the proceeds of the debts and demands collected; to sell or otherwise dispose of the property as thereafter directed by the court; to collect, receive and preserve the proceeds thereof, and to maintain any action or special proceeding for either of those purposes. The said corporation, its directors, officers, agents and servants and all persons having notice of the order were enjoined from in any manner interfering with said receiver in the discharge of his duties as such, and from collecting any of its debts or demands, and from paying out, disposing of, or in any way transferring or delivering to any person, any of the money, property or effects of the said corporation, excepting to deliver the same to said receiver.

Upon the same day the said Baylies and the defendants executed their bond to the People of the State of New York in the penalty of $30,000, which recited that on the 12th of October, 1887, in an action in the Supreme Court, wherein Augustus Baus and Charles

Baumeister were plaintiffs, for the dissolution of the Augustus Baus & Co. corporation, Baylies was appointed receiver, and the condition of the obligation was stated to be "that if the said Gustavus Baylies, Junior, shall faithfully discharge the duties of his trust, as such receiver, then this obligation to be void, otherwise to be in full force and effect."

Upon the same day the said bond was approved and filed in the office of the clerk of the city and county of New York, and the receiver entered upon the duties of his trust and took possession of the property of the corporation and acted as receiver thereof until the 9th day of February, 1888, when upon the petition of the Market and Fulton National Bank, a creditor of said corporation, an order was made by the Supreme Court declaring the petition of Baus and Baumeister, as a majority of the trustees of the above-named corporation for the dissolution thereof, insufficient and directing that the order granted therein be annulled and set aside so far as the appointment of Baylies as receiver therein, and so far as the stay of proceedings and injunction contained in said order is concerned, and that in said respects the said order be declared null and void. It was further ordered that the petition and all subsequent proceedings of the court therein be quashed, but that nothing contained in the order should be construed as affecting any liability that might have been incurred by the receiver or the sureties upon his bond or undertaking.

Thereafter, and on the 13th of February, 1888, an action was commenced by the Attorney-General in behalf of the People of the State of New York against said Augustus Baus & Co., praying judgment dissolving the corporation, and that a receiver be appointed of its property, and that its assets be distributed to its creditors and the other persons entitled thereto on the ground that said corporation was and had remained insolvent for at least one year.

On the 29th of February, 1888, a judgment was entered dissolving said corporation and appointing Daniel G. Thompson, the plaintiff herein, receiver of all the property of said corporation with the usual powers of receivers upon his executing and filing a bond in the penal sum of $5,000. On March 6, 1888, Thompson filed his bond and entered upon the discharge of his duties as such receiver.

Subsequently Thompson, as such receiver, made a demand upon Baylies for the property of the corporation, and Baylies delivered to him only a portion of the property which he had received. Thereafter, upon the 8th of June, 1888, on petition of said Thompson as receiver, said Baylies appearing, the court made an order directing Baylies to deliver up all the property of said corporation in his hands or under his control forthwith and appointing a referee to take and state the accounts of said Baylies of his proceedings under his nominal appointment on the 12th of October, 1887, as receiver of the property of the corporation.

On the 3d of January, 1891, a decree was entered in said proceedings upon the report of the referee whereby Baylies was directed to pay to Thompson the sum of $192,318.08, reported by said referee, with interest and costs amounting in the aggregate to $194,413.39. Baylies having failed to pay the amount so directed to be paid, upon leave granted this action was brought by Thompson as receiver against the sureties upon the bond given as above mentioned by Baylies before entering upon his duties as receiver. The defendants having answered, the issues were by consent referred to a referee to hear and determine. Upon the trial of the action the plaintiff offered in evidence the records of the several proceedings above set forth. The referee, however, excluded the judgment roll offered as evidence of indebtedness of the defendants to the plaintiff as incompetent for that purpose, giving the plaintiff permission to offer further testimony in proof of his claim. The plaintiff duly excepted. The plaintiff then submitted proof showing that property was received by Baylies as receiver which he had failed to deliver to the plaintiff. The defendant then moved to dismiss the complaint on the ground that the proceeding purporting to appoint said Baylies as receiver being void *ab initio*, the bond given upon such appointment was also void and of no effect; and also because no proof had been given that the plaintiff had suffered any damage for which defendants were liable and because no damage or breach of any covenant or condition of said bond had been shown.

The referee dismissed the complaint upon the ground that the bond was given in a proceeding which was entirely unwarranted by law, and was, therefore, void under the rule laid down in *Mittnacht*

v. *Kellermann* (105 N. Y. 469). From the judgment thereupon entered this appeal is taken.

We think that the learned referee erred in holding that the case cited by him was controlling of the questions involved in this action. There is a very broad distinction which has been uniformly recognized between those cases where, under no possible contingency, the court would have power to act, and those where it had the power to make the appointment, but not in the manner or in the proceeding in which it attempted to do it. The right of the court to appoint a receiver of this corporation existed, although this right was attempted to be exercised at a time not sanctioned by law. The appointment of Baylies as receiver had, therefore, colorable authority, and although his induction into that office was illegal and he did not thereby become receiver *de jure*, yet, by thus intruding himself into the office and assuming its duties, he became receiver *de facto*, and those who voluntarily bound themselves for the faithful performance of his duties cannot absolve themselves from their obligation by insisting that he was not receiver. The sureties, so far as appears, executed the undertaking voluntarily without any mistake or misapprehension, and for the purpose of enabling him under his alleged appointment as receiver to take possession of the assets of the corporation. In fact, it was recited in the bond that Baylies had been appointed receiver, and that it was for the faithful discharge of his duties as such that the bond was executed. Under such circumstances, the obligors were estopped by the recitals in the bond from denying the appointment of Baylies as receiver. (*Cutler* v. *Dickinson*, 8 Pick. 385.)

The same principle was enunciated in the case of *Veeder* v. *Mudgett* (95 N. Y. 295), where it was held that, although an attempted increase of stock was illegal, the defendant stockholders, by accepting their proportions of the increased stock, by voting for its increase, by taking dividends upon it, and by holding it out to those dealing with the company as an actual component of its capital, were estopped from denying the legal validity of the increase and could be held responsible as if it was valid, the court saying: " But where, as in the present case, the abstract power did exist, and there was a way in which the increase could lawfully be made, and the creditors could, without fault, believe that the increase had been lawfully

effected and the necessary steps had been taken, there the doctrine of estoppel may apply, and the increased stock be deemed valid as against the creditors who have acted upon the faith of such increase."

The court points out the distinction between the rule obtaining in cases where there is an entire lack of power under any circumstances to do the act which is brought in question, and the rule which obtains where power exists to act but it is exercised in an improper way, at an improper time, or in an improper proceeding. It was the former class of actions to which the case of *Mittnacht* v. *Kellermann* (*supra*) belonged. There was an utter lack of power to do the act, and, therefore, the court held the bond void. We think, therefore, that the learned referee erred in holding that no liability upon the bond could be established.

In regard to the effect of the judgment roll, it was undoubtedly competent evidence for the purpose of showing a breach in the condition of the bond. While it might not be evidence as to the amount of the property which had been received by Baylies, yet it was competent to show that he had not faithfully discharged the duties of his trust. There was evidence outside of the judgment tending to show that he had obtained possession of property belonging to the corporation which he had not accounted for or paid over to the plaintiff in this action as receiver, and, consequently, although the evidence might not have been in all respects of that definite and satisfactory character which would justify a judgment that Baylies as receiver had received property to the full amount of the adjudication against him, there was still sufficient to show that he had received a large amount of property.

We think, therefore, that the judgment appealed from should be reversed and a new trial ordered before another referee to be appointed by the court upon the entry of the order on this decision, with costs to the appellant to abide the event.

BARRETT, RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment and order reversed and new trial ordered before another referee to be appointed upon the entry of the order hereon, with costs to the appellant to abide event.