CARL v. MEYER et al.

(Supreme Court, Appellate Division, Second Department.    April 14, 1900.)

1. RECEIVER—BOND—NOT ACCORDING TO STATUTE.
    A receiver's bond running to the plaintiff in the action in which the receiver is appointed, instead of to the people of the state as required by Code Civ. Proc. § 715, but containing the usual provisions, and made on a good consideration, is good as a common-law bond, and the sureties are liable thereon.

2. SAME—VOLUNTARY EXECUTION—SURETIES—ESTOPPEL.
    Where the court had power to appoint a receiver and require a bond, and the sureties have voluntarily and without misapprehension executed such bond, reciting the appointment of the receiver, they are estopped from denying such appointment.

3. SAME—CONSIDERATION.
    Where, in a partnership accounting a receiver is appointed, and his bond gives him power to take possession of the assets, and the plaintiff, one of the firm, gives up possession of the assets upon execution of the bond, there is a good consideration therefor.

4. SAME—ACTION AGAINST SURETIES—AMOUNT RECOVERABLE.
    Where the amount of assets in the hands of a receiver to which plaintiff is entitled has been fixed in an action to which he was a party, the plaintiff is bound by the amount so fixed; but the sureties, not being parties to such action, are not bound by the amount there determined, and in an action on their bond may show that the amount is less than that fixed.

5. SAME—DEFENSE—DELAY IN ORIGINAL ACTION.
    Where there has been a long delay in an action for a partnership accounting, such delay is no defense in an action against the sureties on the receiver's bond, where the delay has worked no hardship to them.

6. SAME—FEES.
    Where the receiver in an action for a partnership accounting has dissipated the assets, such conduct is a sufficient warrant for a disallowance of his fees.

Appeal from judgment on report of referee.

Action by William Carl against Francis Meyer and Otto Minertzhagen as sureties on a receiver's bond.    Judgment for plaintiff.    Defendants appeal.    Affirmed.

The following is the opinion of POMEROY, Referee:

This action is brought by the plaintiff to recover from the defendants, as sureties upon a receiver's bond, the amount which he has lost by reason of the receiver's unfaithfulness and failure to account.   William Carl, the plaintiff here, in November, 1888, brought suit against Frederick Carl for a dissolution of the co-partnership then and theretofore existing between them, and for an accounting.   In this action the plaintiff applied for the appointment of a receiver, and upon November 22, 1888, this motion was granted, and an order made appointing the defendant Frederick Carl the receiver, with the usual powers, upon filing a bond in due form of law, with two sureties, in the sum of $5,000.   A bond with the defendants here as sureties was executed on November 23, 1888, approved. and filed, and Frederick Carl took possession of the assets of the co-partnership.   The plaintiff excepted to the sureties, and they justified, were accepted, and the bond reapproved.   This bond, instead of running to the people of the state, as required by section 715 of the Code of Civil Procedure, ran to the plaintiff in the action, William Carl, but it contained the usual provisions, and was conditioned "that, if the said Frederick Carl shall faithfully discharge the duties of his trust as such receiver, shall render a just and true account of his proceedings unto this court,  *  *  *

this obligation to be void; otherwise, to be in full force and effect." It also contained the recitals of the proceedings and of the appointment of Frederick Carl as receiver. On December 11, 1889, Frederick Carl died, having failed to account, and, as was subsequently shown, had died intestate and insolvent, and there remained in his hands no part or parcel of the assets which he had received as such receiver. Meanwhile the action had been referred, and was partly tried at the time of the receiver's death. It was not until 1898 that further proceedings were taken in the case. Christian Carl was, on the 15th day of February, 1898, appointed administrator of the estate of Frederick Carl, the deceased receiver. The action was revived, and Christian Carl, as administrator, was substituted as defendant, and thereupon the trial of the action proceeded, and resulted in a judgment settling the accounts of the partnership, and defining the interest of each co-partner in the assets of the co-partnership, and the interest of each partner in the co-partnership as between themselves. This judgment also provided in substance that the defendant in said action, within 10 days after the service upon him of a copy of said judgment and decree, as administrator of Frederick Carl, deceased, make and file in form and manner required by law an account of the proceedings of Frederick Carl as receiver of the co-partnership assets of the firm of Frederick Carl & Bro. In pursuance of such provision, Christian Carl, as administrator of Frederick Carl, deceased, accounted as the representative of such deceased receiver. To this accounting the defendants here, the sureties on the bond, were not made parties, and no notice of such accounting was ever given to them. A substituted receiver was also appointed, and he likewise accounted, but without any notice to the sureties upon the receiver's bond. Immediately after the entry of the said judgment this action was brought against the sureties upon the receiver's bond, and the amount demanded was the sum indicated in the judgment as the amount of the interest of William Carl in the co-partnership as between themselves in account. The defendants contend that, inasmuch as the bond given by them was to William Carl, and not to the people of the state, as required by section 715 of the Code of Civil Procedure, it was void as a statutory bond, and, not being in accordance with the order appointing Frederick Carl receiver, Frederick Carl never became such receiver, and hence they (the sureties) were not answerable for his neglect as receiver; and that, in any event, as no notice of any accounting was given to them, as required by section 715 of the Code of Civil Procedure, and they not being parties to the judgment and the administrator's accounting, no action would lie against them for the default under the bond. These several contentions were met by the plaintiff by his claim that the bond, if void as a statutory bond, was good as a common-law bond, and had ample consideration, and hence no accounting was necessary, no notice of such accounting to charge the sureties was obligatory, and that Frederick Carl, if not a receiver de jure, was a receiver de facto, had received the co-partnership assets, and, having died insolvent, with them still in his hands and unaccounted for, a breach of the condition of the bond was shown, and the plaintiff was entitled to a judgment for such amount as he could show was the interest of the plaintiff in the assets which came into the receiver's hands, with interest, and for that purpose he was entitled to state the account of the de facto receiver in this action with like effect as though he, said receiver, had made such account with notice to the sureties. I am of the opinion that the position taken by the plaintiff is correct. The case, it would seem, comes fully within the decision in Thompson v. Denner, 16 App. Div. 160, 44 N. Y. Supp. 723. The court had power to appoint Frederick Carl receiver, and to exact the bond. The defendants here executed it voluntarily, and without misapprehension, in order that Frederick Carl should become such receiver, and take into his possession the assets of the co-partnership. The bond recited that he (Carl) had been appointed such receiver, and the sureties are estopped thereby from denying his appointment. Even if it be true, as contended by defendants, that the bond is void as a statutory bond, yet it is good as a common-law bond. Voluntary bonds, not being illegal or against the policy of the law, may be good as common-law bonds, although, through some defect, they are not good statutory bonds. Goodwin v. Bunzl, 102 N. Y. 225, 6 N. E. 399; McGowen v. Deyo,

8 Barb. 340; Fellows v. Gilman, 4 Wend. 414. The consideration of the bond at bar was sufficient. It gave power to Frederick Carl to take possession of the assets, and the plaintiff, upon the execution of it, gave up possession of the assets of the firm to the receiver. There was, therefore, a good consideration for the bond. The sureties were, therefore, liable upon a breach of the condition of the bond. Such breach occurred, and was clearly shown. The judgment in Carl against Carl, though not binding on them as to the amount of assets for which the receiver failed to account, was, nevertheless, evidence that the receiver was in default, and had failed to account, and the accounting of his administrator under this judgment was of the same force. Thompson v. Denner, supra. The bond being thus shown to be a common-law obligation running to William Carl, he is entitled to recover whatever interest he could show that he had in the assets which came into the receiver's hands and were not accounted for. This is the measure of his damage, and the liability of the sureties as to him. He was, therefore, permitted to show the amount of assets which came into the receiver's hands, and the sureties were permitted to show what amounts had been paid out by the receiver, and what assets remained unaccounted for. The judgment in Carl against Carl and the administrator's accounting were not binding, as I have said, upon the sureties, because they were not parties thereto; but they were binding upon William Carl, who was a party thereto, was heard, and had his day in court. When, therefore, they fixed the amount of his interest in the assets, he was bound thereby, and as against the sureties could not assert a greater claim, even though, as here, the proof would seem to show that the assets unaccounted for and his interest therein were greater than stated in the judgment and in the accounting. I have been unable to find that the evidence bears out the contention of defendants that the interest of William Carl was less than that shown on the administrator's accounting. The laches complained of by the defendants, by reason of the long delay in the action of Carl against Carl, and urged as a defense, made no change whatever in the position of the sureties, and worked no hardship to them. Association v. Read, 124 N. Y. 189, 26 N. E. 347; Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Carter v. Hodge, 150 N. Y. 532, 44 N. E. 1101. The judgment provided that William Carl should have his costs and allowance to be first paid out of the assets. This increased the interest of William Carl pro tanto, since the judgment was in his favor against Frederick Carl, who was the receiver, and concededly the assets which came into his hands were sufficient to pay William Carl in full, depleting Frederick Carl's interest in the assets to that extent. I have allowed nothing to the receiver for his fees as such. His conduct is sufficient warrant for such disallowance. I have added the interest on the costs from the date of the judgment, and upon the interest of William Carl in the assets from one year after the day of the death of Frederick Carl. And for these amounts I have given judgment to the plaintiff, with costs.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

De Witt Bailey, for appellants.
Louis Cohen, for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the opinion of the referee.