(86 App. Div. 551.)

## STRATTON v. CITY TRUST, SAFE DEPOSIT & SURETY CO. OF PHILADELPHIA.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. RECEIVERS—ACTIONS ON BONDS—NOTICE TO SURETY OF ACCOUNTING.

     Code Civ. Proc. § 715, requires a receiver, before presenting his ac-- counts, to give notice to the surety on his official bond before the day set for the hearing on said accounting. The same notice must be given to such surety where the accounting is ordered on the petition of any other person, and in no case shall receiver's accounts be allowed, unless- the said notice shall have first been given to the surety. *Held* that, where no notice is given to the surety of the accounting, no action can be maintained against him on his bond as a statutory obligation.

Appeal from Trial Term, Orange County.

Action by William D. Stratton, as substituted receiver of the property, assets, and effects of the copartnership of Smith & Hanfield, composed of James S. Smith and De Witt C. Hanfield, against the City Trust, Safe Deposit & Surety Company of Philadelphia. From a judgment dismissing the complaint, but not upon the merits, both parties appeal. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Thomas Watts, for plaintiff.

L. Laflin Kellogg, for defendant.

HOOKER, J. James S. Smith and De Witt C. Hanfield were partners, and in May, 1895, the former commenced an action against his copartner for dissolution. The plaintiff in that case was appointed receiver without a bond. He served in that capacity about a year, at the expiration of which time, by consent, Monroe B. Washburn, the bookkeeper of the former concern, was appointed as substituted receiver. At that time no bond was required of him, and he gave none. On July 23, 1897, an order was made by the court requiring him to give a bond in the sum of $10,000. He applied to the defendant in this case for that bond, and it was executed and filed and became operative on the 3d day of August, 1897. It is conditioned that, "if the above-bounden Monroe B. Washburn shall account for all money that may come into his hands as such substituted receiver, and faithfully discharge all his duties as such receiver, then this obligation to be void; otherwise to be and remain in full force and virtue." No notice of the application for the order or of the hearing before the referee, it is conceded, was ever given to the defendant, and it was in ignorance of such proceedings, or any attempt to make Washburn account, until the 14th day of November, 1900, when this action was commenced. The case was tried before the court without a jury, and resulted in a dismissal of the complaint, but not upon the merits. Both plaintiff and defendant excepted to the decision, and both parties appeal to this court from the judgment entered thereon.

The defendant contends that under the language of section 715 of the Code of Civil Procedure the plaintiff cannot maintain the present

action, in view of the fact that it had no notice of the accounting before the referee.   That section treats of the security to be given by receivers generally, and that portion of it germane to this appeal is as follows:

"A receiver who, having executed and filed a bond as provided for in this section, before presenting his accounts as receiver, must give notice to the surety or sureties on his official bond, of his intention to present his accounts, not less than eight days before the day set for the hearing on said accounting.   The same notice must be given to such surety or sureties where the accounting is ordered on the petition of a person or persons other than the receiver, and in no case shall the receiver's accounts be passed, settled or allowed, unless the said notice provided for in this section shall have first been given to the surety or sureties on the official bond of such receiver."

So far as the cases called to our attention indicate, this exact question does not seem to have been decided.   It has been held that, where a bond executed under the provisions of that section has run to an individual rather than to the people of the state of New York, it is good as a common-law bond, and may be enforced as such, irrespective of the provisions of that portion of section 715 of the Code above quoted, provided, of course, a common-law breach of the conditions of the bond is shown.   Carl v. Meyer, 51 App. Div. 5, 64 N. Y. Supp. 1077.   And it has also been held that in the case of a bond executed pursuant to that section, where it later appears that the appointment of the receiver, the principal in the bond, was invalid, the receiver acted de facto, and, the fact of the appointment being recited in the bond, the obligors were estopped from denying the validity of his appointment, and the bond was good.   Thompson v. Denner, 16 App. Div. 160, 44 N. Y. Supp. 723.   The plaintiff would have us hold that these cases are controlling upon the proposition here, but in those cases the court was not called upon, and did not attempt, to decide the proposition which confronts us here.

It has been recently held in the court of last resort that an action is not maintainable upon a receiver's bond until proceedings for an accounting are had against him, where no reason appears why such accounting could not be had; and that this rule is not qualified by reason of the fact that the bond may not contain any provision for a report or accounting by the receiver.   French v. Dauchy, 134 N. Y. 543, 31 N. E. 1041.   The decision in that case was arrived at after a careful consideration of the authorities in this and other jurisdictions in relation to accounts.   The holding that proceedings for an accounting must be had before an action is maintainable cannot be held to mean any other than a valid, regular accounting, authorized by the statute or some rule of law.   Section 715 of the Code, when it says that "in no case shall the receiver's accounts be passed, settled or allowed, unless the said notice provided for in this section shall have first been given to the surety or sureties on the official bond of such receiver," must be held to mean that, at least as against the surety, an attempted voluntary accounting by the receiver or one upon the petition of a creditor cannot be regular and valid, and as against the surety or sureties it could have no effect whatever.   This interpretation of those clauses of the section can lead to no conclusion other than that the failure of notice to the sureties works a denial of the

privilege of this plaintiff to maintain an action upon the statutory bond.

The rule might be otherwise, however, as was suggested upon a former appeal in this case (Stratton v. City Trust, etc., Co., 69 App. Div. 322, 74 N. Y. Supp. 670), had any attempt been made to show that the receiver, Washburn, had in fact converted any of the moneys or property of the estate which had come into his hands to his own use. There is, however, no evidence in the record to charge him with a breach of his trust, or defendant with a breach of the bond, viewing the latter as a common-law obligation, and no suggestion was made in the evidence that this case is within the exception to the rule allowing actions on receiver's bond because of the intentional and willful absence of the principal from the jurisdiction of the court, whereby compulsory accounting is made impossible. It is true Washburn did leave the state, but plaintiff's witness Hanfield swears he had returned shortly before the trial. From all that appears in the record before us and in the suggestions of counsel by their briefs, there seems to be no reason why plaintiff may not, after a proper accounting, have his evidence heard; and the disposition of the case made by the trial court dismissing the complaint, but not upon the merits, we think proper.

The judgment should therefore be affirmed. All concur.