Stewart and another. No opinion. Judgment and order affirmed, with costs.

---

**BRADY, ADLER & KOCH CO.,** Appellant, v. HOCHSTADTER et al., Respondents. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by the Brady, Adler & Koch Company against Bella W. Hochstadter and another. L. M. Isaacs, of New York City, for appellant. S. Kohn, of New York City, for respondents.

PER CURIAM. Judgment and orders affirmed, with costs. Order filed.

LAUGHLIN and HOTCHKISS, JJ., dissent.

---

**BRAND,** Appellant, v. HASBROUCK, State Superintendent of Insurance, Respondent. (Supreme Court, Appellate Division, Second Department, November 6, 1914.) Action by Leopold Brand against Frank Hasbrouck, as Superintendent of Insurance of the State of New York.

PER CURIAM. No written notice of this accounting proceeding ordered against the receiver was given to the surety on the receiver's official bond, under Code Civ. Proc. § 715, which requirement means a notice in writing. Erving v. City of New York, 131 N. Y. 133, 29 N. E. 1101. Hence the accounting proceedings, and the referee's findings, with the orders of the court made thereon, as against the surety, had no effect. Stratton v. City Trust, etc., Co., 86 App. Div. 551, 83 N. Y. Supp. 780. The evidence of the receiver's default and misfeasance being based only on these accounting proceedings left the complaint totally unsupported as to the surety, so that it was rightly dismissed. The judgment is therefore affirmed, with costs.

---

**BREON,** Respondent, v. KITCHIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 14, 1914.) Action by George B. Breon against John Kitchin. No opinion. Judgment and order affirmed, with costs.

---

**BREWSTER,** Respondent, v. BASTIAN BROS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. September 23, 1914.) Action by George Brewster against the Bastian Bros. Company. No opinion. Motion to dismiss appeal granted, unless appellant forthwith file and serve printed papers, and be ready for argument on September 30th. Case added at foot of calendar.

---

**BRIASTRE,** Appellant, v. UNION DIME SAVINGS INSTITUTION, Respondent. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by Helene Briastre against the Union Dime Savings Institution. J. G. Lamison, of New York City, for appellant. J. N. Luttrell, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

**BRILL v. ABRAMOWITZ.** (No. 6189.) (Supreme Court, Appellate Division, First Department. October 16, 1914.) Appeal from Special Term, New York County. Action by Herman Brill against Louis Abramowitz. From an order appointing a receiver, defendant appeals. Reversed, and motion denied, on condition. See, also, 148 N. Y. Supp. 1107. Eugene I. Yuells, of New York City, for appellant. Alton B. Parker, of New York City, for respondent.

PER CURIAM. The order appointing a receiver should be reversed, and the motion denied, without costs, upon the defendant giving a bond in the sum of $10,000 to pay any amount that the court by final judgment may award against him.

---

**BRONX WOMAN SUFFRAGE LEAGUE,** Appellant, v. HOLBERT et al., Respondents. (Supreme Court, Appellate Division, First Department. October 16, 1914.) Action by the Bronx Woman Suffrage League against Anna H. Holbert and another. N. Blank, of New York City, for appellant. G. B. Holbert, of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

**BROOKLYN MAJESTIC THEATER CO.,** Appellant, v. HYDE & BEHMAN AMUSEMENT CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 16, 1914.) Action by the Brooklyn Majestic Theater Company against the Hyde & Behman Amusement Company.

PER CURIAM. In the decision of this case (147 N. Y. Supp. 1100), the opinion of the Appellate Division in the First Department in Selwyn & Co. v. Waller, 160 App. Div. 725, 146 N. Y. Supp. 7, was not cited to this court by either party to this appeal, nor did this court take cognizance and base its decision on the authority thereof. In our opinion the case at bar is distinguishable from that case as finally decided by the Court of Appeals, in the important element that here the plaintiff knew of the lease that was about to be made, and in fact had to expressly consent to it that it might be made, and did so consent. If it did not inquire as to the terms that were to be exacted under said lease, in our opinion, it has only its own failure to complain of. The motion for reargument is denied, without costs.

---

**BROWN,** Respondent, v. NEW YORK LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, First Department. October 16, 1914.) Action by Edwin N. Brown against the New York Life Insurance Company. L. H.